# PHILADELPHIA, TO USE, v. F. L. MACPHERSON.

## APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued January 16, 1891—Decided February 16, 1891.

Where a municipal claim for paving, etc., avers facts sufficient to constitute a prima facie case, and, in a suit thereon, is read " as evidence of the facts," under § 4, act of March 11, 1846, P. L. 115, relating to registered taxes and municipal claims in Philadelphia, the defendant, then bearing the burden of proof, cannot rely upon matters of defence set up in points for instructions, without adducing evidence in their support.

Statement of Facts.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 57 July Term 1890, Sup. Ct.; court below, No. 35 December Term 1884, C. P. No. 4.

On April 16, 1885, the city of Philadelphia, to use of Owen McKenna, brought scire facias sur municipal claim against Frances L. Macpherson, owner, etc. The claim was filed on February 11, 1885, for paving, etc., against a lot of ground, etc., on Bowman street, 22d ward, and the material averments thereof were as follows:

" For paving Bowman street, in the Twenty-fourth ward, etc., etc., amounting to the sum of $117.25, for which sum, with lawful interest from the above date, a lien is claimed against said premises, whoever may be the owner or owners thereof; the said paving having been duly petitioned for by a majority of the owners of property fronting upon the said Bowman street, within the space or distance so paved, which said petition was presented to the select and common councils of the said city, and thereupon the said paving was, under ordinance approved June 31, 1882, by the said councils ordered and directed to be done by the said chief commissioner of highways under contract, and the costs and expenses thereof are herein duly assessed and charged against the aforesaid premises, agreeably to the several acts of assembly of the commonwealth of Pennsylvania, relating to municipal claims for paving," etc.

The defendant pleaded to the scire facias substantially as follows:

1. Nil debet.

2. That the lot charged was in a rural district, and was not by law subject to the special tax by this claim imposed.

3. That the bill presented was for macadamizing the roadway, at the rate of $2.49 per yard, which was an illegal rate, unauthorized by law.

4. That the alleged work was claimed to have been done under an ordinance of councils of June 21, 1882, which ordinance provided, among other things, that Bowman street should be dedicated or properly opened before the contract for paving was made; whereas Bowman street had not been dedicated or properly opened before the said contract was made.

5. That the said ordinance further provided that the chief commissioner of highways should first advertise for proposals, and should award the contract to the lowest bidder; whereas he had not so advertised and so awarded.

6. That the said ordinance had been passed pursuant to representation made to the select and common councils of the city of Philadelphia by divers persons, that they were a majority of the owners of property fronting on Bowman street, between Germantown railroad and Hancock street; whereas the said divers persons were not a majority of owners between the said points.

At the trial, on January 14, 1890, the plaintiff put in evidence the claim filed, and rested. Thereupon, the defendant put in evidence the ordinance of June 21, 1882, referred to in the claim; act of April 21, 1855, P. L. 264; act of April 1, 1864, P. L. 187; act of March 24, 1870, P. L. 546, and rested.

The case being then closed on the testimony, the defendant presented thirteen points for instruction, to the effect that, unless the jury found that Bowman street was dedicated or properly opened before the award of the alleged contract for paving; that the chief commissioner of highways duly advertised for proposals therefor; that proposals were received from the defendant and others, and thereupon the contract was awarded to the lowest bidder; that the abutting owners were not charged more than the lawful contract price for the paving; that all the requirements of the ordinance of June 21, 1882, had been duly complied with; that a petition had been presented to councils signed by a majority of the abutting owners, interested in the land on either side of the street, including all tenants in common and remainder-men; that the abutting properties were in a compact portion of the city and of such uniform size that the foot-front rule was lawfully applicable, and there had been a just and equitable apportionment of the cost under said rule; and that, on all the evidence in the case, the verdict should be for the defendant.*

---

\* The appellant's " History of the Case " contained the following : " The controversy resolved itself into a question as to the burden of proof. The defendant claimed that, under the pleadings, it was incumbent upon the plaintiff to show a compliance with the provisions of the statutes. The act of March 24, 1870, P. L. 546, was particularly referred to. On the other

Arguments.

—The court, WILLSON, J., refused to affirm the defendant's points, and instructed the jury to return a verdict for the plaintiff; exception. The jury returned a verdict for the plaintiff for $150.99. A rule for a new trial having been discharged and judgment entered, the defendant took this appeal, assigning for error:

1–13. The refusal of the defendant's points.

*Mr. W. W. Wiltbank* (with him *Mr. Theodore A. Tack*), for the appellant.

Counsel cited: Pittsburgh v. Walter, 69 Pa. 365; Philadelphia v. Richards, 124 Pa. 303; Philadelphia v. Rule, 93 Pa. 17; Connellsville Bor. v. Gilmore, 15 W. N. 343.

*Mr. S. Davis Page* (with him *Mr. E. P. Allinson* and *Mr. Boies Penrose*), for the appellee.

hand, the claimant contended that it was sufficient for him to put the claim in evidence and rest. He relied upon § 4, act of March 11, 1846, P. L. 115, whereby such claims, in suits thereon, may be read as evidence of the facts therein set forth. The defendant urged that there was not an adequate showing of facts in the claim, taken alone. On reference to the claim it is seen that the only material facts therein set forth were, that the paving had been duly petitioned for by a majority of the owners of property fronting upon the said Bowman street within the space or distance so paved, which petition had been presented to the select and common councils of the city; that thereupon the councils had passed the ordinance of June 21, 1882; and that the cost of the work was properly assessed and charged in the claim filed, agreeably to the provisions of the acts of assembly relating to municipal claims for paving. These averments were not sufficient as affirmative evidence on all the issues raised by the pleadings. So far as they were sufficient, the defendant admitted that the claim constituted a prima facie case; so far as they were insufficient, the defendant insisted that affirmative evidence under those issues was lacking, and that inasmuch as it was lacking, the claimant had failed to make out a case; so that the defendant was entitled to a verdict under instructions from the court."

In Mt. Pleasant Bor. v. Railroad Co., 138 Pa., p. 375, Mr. Chief Justice PAXSON said: " It is well to observe that our decisions arising out of street improvements in the city of Philadelphia have little application to cases arising out of the borough act. That city has a system of its own, complete in itself, and, as was said in Philadelphia v. Richards, 124 Pa. at page 310, ' in regard to paving and other municipal improvements, the authority of the city of Philadelphia is general and unlimited, both to do the work and to file claims against property owners for the cost of it.' "

Statement of Facts.

Counsel cited: Kline v. Johnston, 24 Pa. 74; Penna. R. Co. v. Zebe, 33 Pa. 323; Williams v. Williams, 34 Pa. 315; Philadelphia v. Hays, 93 Pa. 75; Fowler v. Jenkins, 28 Pa. 178; Waln v. Philadelphia, 99 Pa. 335; Philadelphia v. Wistar, 35 Pa. 427; Philadelphia v. Burgin, 50 Pa. 539; Philadelphia v. Brooke, 81 Pa. 23; Watson v. Philadelphia, 93 Pa. 115; Reilly v. Philadelphia, 60 Pa. 471.

PER CURIAM:

This case does not require discussion. It is sufficient to say that the plaintiff below made out a prima facie case, and the defendant offered nothing to rebut it. The matters alleged by her learned counsel, and which are indicated to some extent in his points, were matters of defence, so far as they had any bearing upon the case; and, no proof having been offered in their support, the court below committed no error in disregarding them.

Judgment affirmed.