# Wall Paper Company's Appeal.

*Mechanic's lien—Foreign corporation—Doing business.*

Where a foreign corporation has more than one branch store located in the city of Philadelphia separately organized and doing business as independent business houses, and has filed a statement giving the name of one of its agents and of one of its places of business which did not furnish the goods in question, such act is doing business within the meaning of the act of 1874, and offends against the 2d section of that act, and under such conditions a mechanic's lien in Pennsylvania cannot be sustained.

*Mechanic's lien—Credit given to the equities in the house.*

A mechanic's lien cannot be sustained where it appears as a fact that the claimant did not look to the operation but to the equities in the houses.

Argued Oct. 10, 1900.   Appeal, No. 126, Oct. T., 1900, by National Wall Paper Conpany, in suit of W. Frederick Snyder, assignee of John Meighan, against Frank S. Zane, from decree of C. P. No. 1, Phila. Co., March T., 1899, No. 753, dismissing exceptions to auditor's report.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed. Opinion by W. W. PORTER, J.

Exceptions to report of auditor appointed to make distribution of the fund arising from a sheriff's sale on the foreclosure of a purchase money mortgage.   Before BIDDLE, P. J.

It appears from the record that the essential facts were the same as those in Snyder v. Zane, ante, p. 403, except that in addition to those facts the auditor found as a fact that claimants did not furnish the goods as subcontractors, but on the credit of the equity in the operation.

It also further appears that the claimants were a foreign corporation; that they have more than one branch store located in the city of Philadelphia; that these are separately organized and managed as independent business houses; that the company has filed a statement under the provisions of the act of 1874, giving the name of one of its agents and of one of its places of business; that this agency or branch did not furnish the goods used in the building operation of Zane; that neither the agent nor the agency furnishing the goods was registered, and no certificate of the secretary of the commonwealth was exhibited at this place where the business was conducted.. The auditor disallowed the claim of the mechanic.

The following exceptions among others were filed, which were dismissed by the court below:

[1. The learned auditor erred in finding that the National Wall Paper Company, the claimant, was bound by the act of Charles Kantrowich, the contractor, in consenting to the alteration of the date of the building contract which he, the said Kantrowich, made with Frank S. Zane, the owner of the operation.] [1]

[2. The learned auditor erred in finding that the said building contract had been filed with the prothonotary within ten days after its execution as required by the Act of June 26, 1895, P. L. 369, sec. 1.] [2]

[3. The learned auditor erred in finding that the claimant supplied all materials to the operation upon the credit of the equities in the houses, and not upon the credit of the houses themselves.] [3]

[6. The learned auditor erred in finding that the National Wall Paper Company had not complied with the Act of April 22, 1874, P. L. 108, sec. 2, in that it did not have more than one of its agents in the state of Pennsylvania registered.] [6]

[7. The learned auditor erred in not finding that the registration of an agent residing in the county of Philadelphia was a full compliance with the requirements of the said Act of April 22, 1874, P. L. 108, sec. 2.] [7]

[8. The learned auditor erred in finding that the claimant could not recover because it had not registered with the auditor general in compliance with the Act of June 1, 1889, P. L. 420, sec. 19.] [8]

[9. The learned auditor erred in finding that the claimant had no right of action unless it had first complied with the said act.] [9]

Mechanic's lien creditor appealed.


*Errors assigned* among others were (1–3, 6–9) dismissing certain exceptions to auditor's report, reciting said exceptions.


*George Wentworth Carr*, for appellant.—That an unauthorized alteration cannot affect a surety or indorser is elementary law : 2 Am. & Eng. Ency. of Law (2d ed.), 190–192.

It is no answer to this to say that the contract was actually filed of record, though after the ten days, and that the claimant by an inspection of the record might have discovered it before contracting with Kantrowich. The criterion is whether the owner and principal fulfilled the statutory obligations resting on them ; not what the claimant might have done. The latter's position is analogous to that of the surety in Miller v. Gilleland, 19 Pa. 119.

The act of 1874 was not intended to provide a method for defrauding foreign corporations : Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184.

It was decided that the fact that the corporation opened new

offices after the making of the contract sued on and failed to register the same before the time of trial did not affect its right of recovery: Phœnix v. Reilly, 187 Pa. 526.

The failure of the defendant to allege in his affidavit that plaintiff had not complied with the act was held to be insufficient, and that he must go further and allege that the plaintiff was doing business in the state: Campbell v. Hering, 139 Pa. 473.

In construing this act, the object of the framers is of the greatest importance. The act of 1874 was clearly passed to carry out the constitutional provision, and it was so declared in Phœnix v. Reilly, 187 Pa. 526.

The object of the constitutional provision was merely to have some one within the state upon whom citizens of Pennsylvania desiring to sue a corporation could obtain service, but the debates in the convention show that no one had a thought of requiring that every agency of the corporation should be registered.

*David Jay Myers*, with him *Alex. Simpson, Jr.*, for appellee.— The language of the act requires the statement to the secretary of the commonwealth to show, " the title and object, the location of its office or offices, and the name or names of its authorized agent or agents therein." So that the law plainly required a statement to be filed with the secretary of the commonwealth of the Janeway Branch, of its agent at 621 Market street, and that a certificate of such agent should be in that store for inspection.

Courts will not aid a party in an action grounded on an immoral or illegal act: Thorne v. The Travellers' Ins. Co., 80 Pa. 15; Miller v. Ammon, 145 U. S. 421; Citizens Co. v. McKanna, 6 Pa. Dist. Rep. 25 ; Lasher v. Stinson, 145 Pa. 30 ; Fertilizer Co. v. Kelly, 10 Pa. Superior Ct. 565.

OPINION BY WILLIAM W. PORTER, J., November 19, 1900:

This appeal is from the decree based upon the auditor's report which was before us in the preceding case. The appellant is one claiming right to participation in the distribution by virtue of a mechanic's lien. In this claim Zane, before he had title to the ground intended to be improved, made a contract with one, Kantrowich, for painting and paper hanging. Sub-

sequently, the contract was re-executed by interlineation, notation and resigning. The present appellants claim a right to a mechanic's lien for wall papers furnished to Kantrowich and used in the operation. They are met by many obstacles. It seems that their claim might be disposed of on the ground that they were barred by the re-execution and the filing of the contract under the act of 1895. The discussion of this subject is to be found in the preceding case. Aside from this, however, the auditor finds, as a fact, that the claimants did not furnish the goods as subcontractors under Kantrowich, but on the credit of the equity in the operation. The finding is: "The auditor must decide against the claim on the ground that the claimant looked not to the operation, but to the equities in the houses for payment." We have examined the recitals in the report which lead up to this conclusion, and the evidence upon which it is based. We find nothing in the record as laid before us which would lead us to overturn the finding of the auditor, which has been approved by the court below.

Further than this, the claimants are a foreign corporation. They have more than one branch store located in the city of Philadelphia. These are separately organized and managed as independent business houses. The company has filed a statement under the provisions of the act of 1874, giving the name of one of its agents and of one of its places of business. This agency or branch did not furnish the goods used in the building operation of Zane. The goods were furnished by another branch or agency in charge of a different agent and doing an independent business. Neither the agent nor the agency furnishing the goods was registered, and no certificate of the secretary of the commonwealth was exhibited at this place where the business was conducted. We have had occasion to pass upon the effect of the provisions of the act of 1874 more than once (see opinion in Building & Loan Association v. Berlin and Same v. Neal, 15 Pa. Superior Ct. pp. 399, 400). They are mandatory and prohibitory in effect. The 2d section of the act provides that it shall not be lawful for any foreign corporation to do any business in the commonwealth until it shall have filed in the office of the secretary of the commonwealth a statement under the seal of the corporation, signed by the president and secretary, showing the title and object, "the location of its office or offices, and the

name or names of its authorized agent or agents therein ; " and the certificate of the secretary of the commonwealth of the filing of the statement " shall be preserved for public inspection by each of said agents in each and every of said offices." The express provisions of the act have thus failed of fulfilment, since it is manifest from mere statement that the maintenance of a place of business conducted by a local manager and the sale of goods within the commonwealth is a " doing of business " within the act of 1874.

Under these circumstances, it is not necessary to notice the failure of the claimant to show a fulfilment of the provisions of the act of 1889, which requires registration with the auditor general. It seems that this again would defeat the appellant's claim, but we need enter upon no discussion of this subject, since for at least two other sound reasons the appellant's claim cannot be sustained.

The decree of the court below in respect to this claim is, therefore, affirmed.