# Allentown to use v. Ackerman, Appellant.

*Corporations—Foreign corporations—Registration of agent in office—Right to sue—Municipal contract—Municipal lien—Scire facias.*

Where a foreign corporation duly registers an office and an agent in the manner prescribed by the Act of April 22, 1874, P. L. 108, and thereafter performs a municipal contract for paving in a county other than the county in which its designated office was located, the fact that the company did not file in the office of the secretary of the commonwealth a statement, or an amendment to a former statement, designating an office in the county where the work was done and an agent for the transaction of its business therein, is not a bar to recovery by a scire facias upon a municipal claim for an assessment against the landowner's property, the claim having been filed, and the scire facias issued in the name of the city to the use of the contracting corporation. In such a case the rights of the legal plaintiff alone can be regarded and must prevail.

*Road law—Paving—Municipal claim—Averments of claim—Acts of May 23, 1889, P. L. 277, May 16, 1891, P. L. 75, and June 4, 1901, P. L. 364.*

Where a municipal claim contains the averments required by the Act of June 4, 1901, sec. 11, P. L. 364, it is not necessary for the plaintiff in the scire facias on the claim, to disprove allegations of the affidavit of defense to the effect that the city engineer did not make a certificate stating the time of the completion of the improvement, and file the statement with the city clerk, and that no notice was given to the defendant of the time and place of making the assessment. Such facts need not be averred in the claim.

It is not necessary under the Acts of May 23, 1889, P. L. 277, and May 16, 1891 P. L. 75, for a municipal claim for paving to state the materials of which the pavement was constructed.

Where the affidavit accompanying the claim is not made by the person designated by section 11 of the act of 1901, but is so drawn as to affect the landowner with notice of that fact, the defect will be deemed to have been waived if the owner raises no objection either by demurrer, or motion to strike off the claim, and first raises the objection on a motion for compulsory nonsuit.

*Appeals—Assignments of error—Printing documentary evidence.*

When error is assigned to the admission or rejection of a writing, a "full copy" of the writing must be printed in the paper-book.

Argued Dec. 5, 1907. Appeal, No. 155, Oct. T., 1907, by

defendant, from judgment of C. P. Lehigh Co., Oct. T., 1905, No. 61, on verdict for plaintiff in case of City of Allentown to use of Warren Brothers Co. v. J. M. Ackerman. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Scire facias sur municipal lien. Before HEYDT, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

At the trial, plaintiff offered in evidence certificate of commonwealth of Pennsylvania, showing that on May 19, 1902, Warren Brothers Co., a foreign corporation, registered with the secretary of the commonwealth, an office located in Harrison Building, Philadelphia, and an agent as Charles Mitchell, Robert Gwynne, Jr., and John J. Dyer.

Objected to. Defendant objects to the admission in evidence of the offer of the certificate, because it is not an authority for a foreign corporation to do business in the county of Lehigh, but merely an authority to do business in the city of Philadelphia. [7]

Plaintiff also offered in evidence municipal lien, City of Allentown to the use of Warren Brothers Co. against J. M. Ackerman, 254, January Term, 1905, in the court of common pleas, recorded Mechanic's Lien Docket No. 7, page 76, filed April 1, 1905, for street paving for $98.90, with interest.

Objected to. Defendant objects to the lien being admitted in evidence.

1. Because it is not signed by the city solicitor of the city of Allentown or by anyone authorized to act as agent for said city.

2. Because it is signed by Dillinger & Schwartz, solicitors of the use plaintiff. That it is incorporated under the laws of the State of West Virginia with its principal office at 93 Federal street, Boston, Mass.; that its object is the manufacture and sale of bituminous paving and roofing materials and contracting for paving and roofing of all classes.

3. That the lien offends against the provisions of sec. 11 of the act of 1901, passed June 4, 1901, which provides that said claim must be signed by the solicitor or chief executive

officer of claimant, and in case of the use plaintiff must be accompanied by an affidavit that the facts set forth are true to the best of his knowledge, information and belief; that the municipal claim here is not supported by an affidavit by any party either solicitor or executive officer of the city of Allentown, but purports to be made by one Dallas Dillinger, Jr., resident cashier, who is not an officer of said city.

4. The lien as filed does not set forth the kind and character of the work done as provided in sec. 11 of said act, par. No. 7, which reads, " Any other than tax claims, the kind and character of the work done for which the claim is filed and if the work be such as to require previous notice to do it, when and how such notice was given.  Objection overruled. [8]

Defendant proposed to prove by Dallas Dillinger, Jr., on cross-examination, any representation of all inferences to be drawn from his examination in chief that he was not in any way connected with the use plaintiff in this issue, but was employed and paid by the Standard Bithulitic Company, a foreign corporation, who did the business of paving the street for which the lien in this case is filed.

Objected to, as not cross-examination and as incompetent and irrelevant and properly a part of the defense.  Objection sustained. [9]

Plaintiff offered in evidence, both the paper and the resolution docket page 343.  It is the third resolution on this page.

Objected to.  The alleged original resolution is objected to as incompetent and irrelevant and not in compliance with the act of assembly, which requires that all resolutions and ordinances shall be entered into an ordinance book kept for the purpose and signed by the mayor approving the same.

And objects to the resolution in the book because it does not purport to have been signed by anybody and is apparently not any official act whatever.

Objected to, further, for the additional reason that to what is called the original resolution, that it has not been proved either by the person offering it or by the record of councils adopting it, or that it was referred to any committee or any report made thereon.  Objection overruled. [10]

Verdict and judgment for plaintiff for $114.74. Defendant appealed.

*Errors assigned* were (1) in giving binding instructions for plaintiff, and (7–10) rulings on evidence, quoting the bill of exceptions.

*Milton C. Henninger*, with him *Edward Harvey* and *Edwin H. Stine*, for appellant.—The right of Warren Brothers Co., the use plaintiff, to do. business in the city of Allentown, was denied by the defendant in the affidavit of defense; and under the decisions by the courts it was incumbent for the plaintiff to prove that fact, for on it rested the burden of proof: Phœnix Silk Mfg. Co. v. Reilly, 187 Pa. 526; Wall Paper Co.'s App., 15 Pa. Superior Ct. 407; Delaware River Quarry, etc., Co. v. Ry. Co., 204 Pa. 22.

The defendant further contends, that the lien on which this scire facias was brought has no legal force and effect.

*Frank Jacobs*, for appellee.—A municipal claim for street paving having been assigned by the city to the contractor who did. the work, and the work having been accepted by the city, the defendant property owner, on the trial of a writ of sci. fa. issued on the lien by the city to the use of the contractor, is not permitted to raise questions pertaining to the registration of the use plaintiff, a foreign corporation, whether the work was done by the contractor or another, the validity of the lien in respect to the persons signing it and making the affidavit thereto, that the city engineer did not certify and the city clerk did not record the day and time of completion of the improvement and that no notice was served on the defendant of the time and place of making the assessment: Phila. to use of Dyer & Shantz v. Brooke, 81 Pa. 23; City to use v. Hays, 93 Pa. 72; McCormick's App., 165 Pa. 386; Child's App., 179 Pa. 634; Sandy Lake Borough v. Gas Co., 16 Pa. Superior Ct. 243; Hill v. Long, 28 Pa Superior Ct. 608; Phila. v. Jewell, 135 Pa. 329; Phila. v. Gorgas, 180 Pa. 296; Fell v. Philadelphia to use, 81 Pa. 58; Scranton v. Jermyn, 156 Pa. 107; Wabash

Ave., 26 Pa. Superior Ct. 305; Chester v. Eyre, 181 Pa. 642; Pittsburg v. MacConnell, 130 Pa. 463; Brighton Road, 213 Pa. 521; Erie v. Bier, 10 Pa. Superior Ct. 381; Tarentum Boro. v. Moorhead, 26 Pa. Superior Ct. 273; Harrisburg v. Shepler, 7 Pa. Superior Ct. 491.

A foreign corporation which has filed with the secretary of the commonwealth a statement designating an office and agents in one county of the State, may lawfully enter into a contract with a municipality in another county and in pursuance thereof pave one street, during a period of about four months, and enforce the collection of the lien therefor, the work being directed and its capital maintained at its principal office in another State: Del. River Quarry, etc., Co. v. Ry. Co., 204 Pa. 22; De La Vergne Refrigerating Mach. Co. v. Kolischer, 214 Pa. 400; Sattler & Co. v. Machinery Co., 6 Pa. Dist. Rep. 419; Gardner Shingle Co. v. Nicola Bros. Co., 25 Pa. C. C. Rep. 303; Mearshon & Co. v. Lumber Co., 187 Pa. 12; Kilgore v. Smith, 122 Pa. 48; Wolff Dryer Co. v. Bigler, 192 Pa. 466; Opinion of Atty. Genl., 12 Pa. Dist. Rep. 10.

That under the Act of June 4, 1901, P. L. 364, the statement of claim of municipal lien may be signed by the attorneys for the use plaintiff and the affidavit thereto may be made by a person having knowledge of the facts contained in the statement and described as resident cashier of use plaintiff, and the city and use plaintiff may ratify the acts of persons acting with doubtful authority: Robb v. Penna. Co., 186 Pa. 456; Marshall Ave., 213 Pa. 516; Allentown to use v. Light, 15 Pa. Dist. Rep. 619; Rodney v. City to use of Young, 3 Walker, 505.

It is a sufficient description of the kind and character of street paving in a municipal claim to give the location, the number of yards, price per yard, et cet.: Erie City v. Willis, 26 Pa. Superior Ct. 459.

OPINION BY RICE, P. J., October 12, 1908:

The use plaintiff, Warren Brothers Company, was incorporated under the laws of West Virginia, and in 1902 filed with the secretary of the commonwealth of Pennsylvania a statement in the form prescribed by the Act of April 22, 1874, P. L. 108,

in which it set forth, inter alia, that the object of the company is the manufacture and sale of bituminous paving and roofing materials and contracting for paving and roofing of all classes; that its principal office was at No. 93 Federal street, Boston, Mass.; that the office of the company in Pennsylvania had been established in Philadelphia, specifying the location; and that certain persons, naming them, were its duly authorized agents to transact its business at said office. In June, 1904, no additional or substituted statement having been filed in the office of the secretary of the commonwealth, and so far as appears no change in the location of its general office in Pennsylvania or of its agents having been made, it entered into a contract with the city of Allentown to pave the street upon which the defendant's property abuts. After this contract was made, and about the time the work of paving was begun an office bearing the sign Warren Brothers Company was opened in the city of Allentown, which was maintained during the progress of the work, but whether or not any business was transacted at this office by Warren Brothers Company during that period, and if so what was its nature, does not clearly appear in the evidence. In this particular, to which we shall refer later, as well as in other particulars, there is a failure of analogy between this case and the cases of Phœnix Silk Manufacturing Co. v. Reilly, 187 Pa. 526, and Wall Paper Co.'s Appeal, 15 Pa. Superior Ct. 407, upon which the appellant's counsel rely. The pavement having been completed and the city having accepted it, as we shall presently show, and directed the assessments upon abutting properties to be made, we are of opinion that the fact that the contractor did not file in the office of the secretary of the commonwealth a statement, or an amendment to its former statement, designating an office in Lehigh county and an agent for the transaction of its business therein, is not a bar to recovery by scire facias upon a municipal claim for the assessment against defendant's property, the claim having been filed and the scire facias issued in the name of the city to the use of the contractor. This conclusion is not based upon a determination of the question whether the purpose for which the office in Allentown was maintained, and the nature and scope of the

business transacted thereat, were or were not such as to re-
quire an additional or amended statement to be filed in the
office of the secretary of the commonwealth, for the evidence
is too meager for the proper determination of that question,
but upon the ground that under the facts shown the defendant
is not in a position to raise the question, "Actions by a munici-
pal corporation to the use of a contractor who has done the
work, against the owner of property charged with the payment
of it, are a species of tripartite contests, unknown to the com-
mon law, and presenting some difficulties in procedure under
its forms. The general rule, even in Pennsylvania where equity
is part of the common law, undoubtedly is that the rights of the
legal plaintiff only can be regarded and must prevail, but the
rule has as many exceptions as the principles of equity require
for their enforcement:" Philadelphia v. Jewell, 135 Pa. 329.
In determining whether this case is within the general rule
above stated, or within some exception to it, it is to be con-
stantly borne in mind that the purpose of the act of 1874, with
which we are concerned in the present case, is to bring foreign
corporations doing business in this state within the reach of
legal process, and thereby protect those with whom it does
business, or to whom it may incur liability by its wrongful acts:
Delaware River Quarry and Construction Co. v. Bethlehem and
Nazareth Passenger Ry. Co., 204 Pa. 22. The use plaintiff had
no contract and did no business with the defendant, and for any
liability to him which the company might incur by its wrongful
acts committed in the performance of its contract with the
city, he had, from the beginning, an ample and convenient
remedy by action brought in Lehigh county and service of
summons on the company's registered agents in Philadelphia:
Act of July 9, 1901, P. L. 614, secs. 5 and 2. We can see no
substantial reason for making this an exception to the general
rule that the rights of the legal plaintiff only can be regarded
and must prevail.

We have said that the pavement was accepted by the city.
It is claimed that the evidence admitted to establish that fact
was not competent. The evidence consisted (a) of a book in
which resolutions of councils are recorded, and in which appears

the record, although not signed by the mayor, of the resolution in question; (b) the original resolution, produced by the city official having custody of such resolutions.   Speaking of this subject in his opinion overruling the defendant's motion for new trial and for judgment non obstante, the learned judge below says: "The resolution was admitted only after it was proved that the city clerk who produced it had possession of the ordinances and resolutions of the city, that they were turned over to him by his predecessor in office and after proof of the signatures of the mayor and other officers who had signed it, and also after the resolution docket had been objected to because the resolution offered had not been signed by the mayor on the book."   While the body of this resolution is printed in the appellant's paper-book, the verification of it by the officers of councils, and the action of the mayor, which we infer from the testimony were indorsed upon it, are not printed.   It is a case where strict compliance with our rule that when the error assigned is the admission or rejection of a writing, a "full copy" of the writing must be printed in the paper-book was of great importance.   To be a full copy of the paper in question the indorsements above referred to should have been printed.   Because of noncompliance with the rule the assignment of error might be disregarded.   This being so, the appellant has no right to complain, if we assume that the paper purporting to be a resolution of the common council, the select council concurring, was duly certified by the proper officers of councils and approved by the mayor.   Taking this justifiable view of the evidence, we are unable to say that the defective record in the resolution book, thus supplemented by the original resolution, was not sufficient, in the absence of any countervailing evidence, to establish the fact that the pavement was accepted by the city.

The next question to be considered is thus stated by the appellant's counsel: "In the absence of proof on the part of the plaintiff, to the allegations of the defendant in the affidavit and supplemental affidavit of defense, that the city engineer did not make a certificate stating the time of the completion of the improvement and file the same with the city clerk, and that no

notice was given to the defendant of the time and place of making the assessment; was the plaintiff under the pleadings in the case entitled to a verdict by direction of the court?" Assuming the claim to be in compliance with the statute in other particulars, it seems to be a sufficient answer to this question to say that as sec. 11 of the act of June 4, 1901, which specifies in detail what averments a municipal claim must contain, does not require these facts to be averred, and as sec. 20 of the same act makes the claim itself, if it conforms to the requirements of the statute, evidence of the facts necessarily averred, it was not incumbent on the plaintiff in the presentation of its case in chief, to disprove these specific allegations of the affidavit of defense. There are several cases in which similar results have been reached upon construction of statutes making the claim evidence, but it is enough to refer to Philadelphia to use v. Macpherson, 140 Pa. 5.

One of the requirements of the statute is that, in other than tax claims, the claim shall set forth "the kind and character of the work done" for which the claim is filed. The claim in this case sets forth that the work for which it was filed was done under and by virtue of the Act of May 23, 1889, P. L. 277, the Act of May 16, 1891, P. L. 75, and their supplements, and a clearly identified city ordinance, and that the kind and character of the work was "the paving of North Seventh street on the east side thereof in front of the above-described property" and these averments are followed by a statement of the number of square yards of paving and the cost per yard. The materials of which the pavement was constructed are not set forth, it is true, but the statute does not expressly require this to be done, and we are not convinced that such requirement is to be implied. It is essential, however, that the claim should show that the kind and character of the work were such as bring it within the general class of municipal improvements, to defray the cost of which assessments may be made upon and claims therefor may be filed against abutting properties, and distinguish it from all other species of municipal improvements of the same general class. If the statute recognized different kinds of paving, depending upon the materials used, and its provisions re-

lating to each kind differed from those relating to the others, it might, perhaps, have been essential to describe the materials; but in the absence of any such statutory subdivision of this species of municipal improvements, we conclude that it was not absolutely essential to go into further particulars in order to show the kind and character of the work for which the claim was filed. At all events, the omission to go into further particulars was, at the worst, a mere defect which could not be taken advantage of under the pleadings, as the cases hereafter cited abundantly show.

The only remaining question that need be noticed is thus stated by appellant's counsel. "Can there be a recovery on scire facias on a municipal claim filed, which was not signed by the solicitor of the municipality nor by any executive officer thereof, and not accompanied by an affidavit of any of the said officers, nor by an officer or agent of the use plaintiff?" The facts out of which this question arises are as follows: The claim is signed "Dillinger & Schwartz, solicitors of the use plaintiffs," and the affidavit accompanying it is as follows: "Dallas Dillinger, Jr., Resident Cashier, being duly sworn according to law deposes and says that the facts above set forth are true and correct to the best of his knowledge, information and belief." On the trial of the case Dallas Dillinger, Jr., being called as a witness on behalf of the plaintiff, testified that he was never in the employ of Warren Brothers Company, but was in the employ of the Standard Bitulithic Company (which company, it is alleged in the affidavit of defense, paved the street under a subcontract with Warren Brothers Company), and that the office where he was employed, although having upon it the sign Warren Brothers Company, was, as far as he knew, the office of the Standard Bitulithic Company. He further testified that he served notices stamped with the name of Warren Brothers Company, and that he prepared the claim but did not file it; but neither of these acts, nor any other act testified to by him, repels or modifies the effect of his unequivocal testimony that he was not in the employ of the use plaintiff but was in the employ of the other company. There is no escape from the conclusion that he was not the solicitor, or the chief execu-

tive officer of the use plaintiff, and it is not pretended that he had any authority to act for the city, the legal plaintiff.

First, as to the signing. Inasmuch as the word "claimant," as used in the act of 1901, is defined in the first section to mean "the plaintiff or use plaintiff in whose favor the claim is filed as a lien," it would seem that the signing of a claim by the solicitor or chief executive officer of the contractor and use plaintiff would be a sufficient compliance with the first clause of sec. 11 hereinafter quoted. And as it does not appear in the evidence or otherwise that Dallas Dillinger, Jr., who made the affidavit, was the same person whose name is signed to the claim, and as there is no other evidence tending to overcome the prima facie presumption that Dillinger & Schwartz were the solicitors of the use plaintiff, we conclude that there is no irregularity in the signing of the claim that would invalidate it. Further, Donahoo v. Scott, 12 Pa. 45, and Rodney v. City to use of Young, 3 Walk.. 505, furnish some support to the position taken by the appellee's counsel and the learned judge below, that the filing of the claim by the use plaintiff and the issuing of a scire facias thereon was a ratification of the act of the persons whose names are signed to the claim.

Second, as to the authority of Dallas Dillinger, Jr., to make the affidavit required by sec. 11 of the act. The section, after declaring what the claim must set forth, concludes as follows: "Said claim must be signed by the solicitor or chief executive officer of the claimant; and in the case of a use plaintiff must be accompanied by an affidavit that the facts therein set forth are true to the best of his knowledge, information and belief." If the word "his" could be construed to mean the same as if the words "the affiant's" had been used, there would be little room for doubt that an affidavit made by any person cognizant of the facts would be good. But this would be opposed not only to the grammatical construction of the sentence but to the construction arrived at by a consideration of the purpose of the provision as manifested by the context and the subject-matter. If the word "his" must be construed to relate to some person already mentioned, as we think it must, the only person authorized to make the required affidavit is the solicitor or chief

executive officer of the claimant, or, perhaps, the use plaintiff himself, if he be a natural person. It follows that the affiant in the present case was not the person designated by the statute. Is there any answer to this objection?

It is suggested by the learned judge below that the affiant was cognizant of the facts, and that the filing of the lien and the issuing of a scire facias thereon by the use plaintiff constituted such a ratification of his acts as cured this defect. This assumes that the only person interested in having the affidavit made by the particular person designated in the statute is the claimant. But he is not the only person interested. The ex parte filing of a claim, which shall at once become a lien on the defendant's property, and be conclusive or even prima facie evidence of the facts therein averred upon the trial of a scire facias, materially affects the defendant's rights. The right to file such claim with such effect is qualified by the provision that it shall be accompanied by an affidavit of a person having certain designated qualifications, and this provision, judging from its nature, was intended for the defendant's protection. It is a right conceded to the property owner by the statute, which it is not within the power of the claimant to deprive him of by ratification or waiver. But, unquestionably, the defendant could waive it, and, we think, did waive it. It will be observed upon a reading of the affidavit that it did not purport to be made by the solicitor or chief executive officer of the claimant, but by the "resident cashier," of whom is not stated. This was sufficient to affect the defendant with notice that it was not made by the person designated by the statute. He did not take advantage of the defect by demurrer or motion to strike off the claim, but pleaded to the scire facias "the matters of fact alleged in the affidavit of defense." One of the facts alleged in the affidavit of defense was that the claim "was not signed by the solicitor of the city of Allentown, nor by any executive officer of the said city of Allentown, as required by sec. 11 of the Act of June 4, 1901, P. L. 364." But, as already seen, it was not necessary that the affidavit be made by either of these officials. The plea tendered an issue as to an immaterial fact, and so far as regards the defect under consideration was the same as no plea. In

view of the foregoing recital of the plea and proceedings, we are warranted in saying that the objection that Dallas Dillinger, Jr., who made the affidavit, was not the chief executive officer nor the solicitor of the use plaintiff, was first made in the motion for compulsory nonsuit, and afterwards in the defendant's third point. But as was said in Lewis v. Morgan, 11 S. & R. 234, the point on which the defendant required the direction of the court was not involved in the pleadings. Applying the principles decided in analogous proceedings, the defect complained of must be deemed to have been waived: Lee v. Burke, 66 Pa. 336, and cases cited in opinion of Justice SHARSWOOD; St. Clair Coal Co. v. Martz, 75 Pa. 384; Fahnestock v. Speer, 92 Pa. 146; Scholl v. Gerhab, 93 Pa. 346; Klinefelter v. Baum, 172 Pa. 652; Norristown v. Fornance, 1 Pa. Superior Ct. 129; Bernheisel v. Smothers, 5 Pa. Superior Ct. 113.

All of the assignments of error are overruled and the judgment is affirmed.