## City of Philadelphia, to use, v. Alexander et al.

*Herman Lyon Hecht*, for plaintiff.
*James A. Walker*, for defendants.

SMITH, P. J., January 7, 1942.—Defendants have filed a demurrer to a municipal lien claim assigning the following reasons:

1. That the statement of claim and affidavit thereto were not executed by the use-plaintiff but by the solicitor for the use-plaintiffs;

2. That the statement of claim fails to refer to the

act of assembly under which the authority for the filing thereof is granted;

3. That the said statement is in other respects uncertain, informal, and insufficient.

The Municipal Claim Act under which this claim was filed is the Act of May 16, 1923, P. L. 207. It provides a complete and exclusive system in itself so far as relates to tax and municipal claims. Section 10 of this act, as amended by the Act of April 16, 1929, P. L. 526, sec. 1, stipulates what matters must be contained in said claim. Subsection 4 states: "The authority under or by virtue of which the tax was levied or the work was done."

Subsection 7 provides: "Said claim must be signed by, or have stamped thereon a facsimile signature of, the solicitor or chief executive officer of the claimant; and, in the case of a use-plaintiff, must be accompanied by an affidavit that the facts therein set forth are true to the best of his knowledge, information, and belief."

The municipal claim in the instant case sets forth the ordinance of the Councils of the City of Philadelphia as the authority by which the work was done. It is not necessary to set forth the particular act of assembly in order to enforce a municipal claim. The claim is sufficient if it sets forth the authority by which the city acted: Erie City v. Willis, 26 Pa. Superior Ct. 459; Borough of Glenolden, to use of Krause & Son, v. Scott, 10 Northamp. 77 (1905).

Subsection 7 of section 10 of the Municipal Claim Act of May 16, 1923, provides: "Said claim must be signed by the solicitor or chief executive officer of the claimant . . .". In the Act of June 4, 1901, P. L. 364, and its successor, the Act of May 16, 1923, P. L. 207, "claimant" is defined as including the use-claimant in whose favor the claim is filed as a lien.

In Allentown, to use, v. Ackerman, 37 Pa. Superior Ct. 363, Rice, P. J. (1908), on page 373 said:

"First, as to the signing. Inasmuch as the word

'claimant,' as used in the act of 1901, is defined in the first section to mean 'the plaintiff or use plaintiff in whose favor the claim is filed as a lien,' it would seem that the signing of a claim by the solicitor or chief executive officer of the contractor and use plaintiff would be a sufficient compliance with the first clause of sec. 11 hereinafter quoted." And again on page 373:

"Second, as to the authority of Dallas Dillinger, Jr., to make the affidavit required by sec. 11 of the act. The section, after declaring what the claim must set forth, concludes as follows: 'Said claim must be signed by the solicitor or chief executive officer of the claimant; and in the case of a use plaintiff must be accompanied by an affidavit that the facts therein set forth are true to the best of his knowledge, information and belief.' If the word 'his' could be construed to mean the same as if the words 'the affiant's' had been used, there would be little room for doubt that an affidavit made by any person cognizant of the facts would be good. But this would be opposed not only to the grammatical construction of the sentence but to the construction arrived at by a consideration of the purpose of the provision as manifested by the context and the subject-matter. If the word 'his' must be construed to relate to some person already mentioned, as we think it must, the only person authorized to make the required affidavit is the solicitor or chief executive officer of the claimant, or, perhaps, the use plaintiff himself, if he be a natural person."

In Prospect Park Borough v. Duhring, 27 Dist. R. 105 (1917), Broomall, J. (Delaware Co.), on page 106 said:

"As to the second objection, the 7th clause of section 11 of the Act of June 4, 1901, P. L. 364, is: 'Said claim must be signed by the solicitor or chief executive officer of the claimant.' This lien is signed by a person designating himself as solicitor for claimant. The 1st section of the Act of June 4, 1901, P. L. 364, defines the word 'claimant' to mean the plaintiff or use-plain-

tiff in whose favor the claim is filed as a lien. We see no reason to conclude that the act in this respect has not been fully complied with, and this objection, therefore, presents no reason for striking off the lien."

In the instant case, the claim is signed by Lester S. Hecht, solicitor for claimant, and the affidavit thereto is also taken by him to the "best of his knowledge, information, and belief."

In Philadelphia, to use, v. Kinkaid et al., 24 Dist. R. 287 (1915), it was held (p. 288) :

"There is attached to the claim filed in this case the jurat of J. P. Whitehouse, notary public, with his seal stamped thereon, certifying that E. O. Michener was duly sworn, and deposed that he is the solicitor of the use-plaintiff, and the facts set forth in the claim are true to the best of his knowledge, information and belief." And again on page 288:

"None of the objections presented by the affidavit of defence affect the validity of the lien. Rule absolute."

Section 52 of the Statutory Construction Act of May 28, 1937, P. L. 1019, subsec. 4, provides that where words employed in a statute had, at the time of its enactment, acquired a definite meaning as a result of judicial interpretation of prior statutes on the same subject, such words are to be given a similar interpretation in the new statute.

In Lower Nazareth Township Supervisors' Appeal, 341 Pa. 171, Mr. Justice Patterson said (p. 175) :

"It is a well settled rule of statutory construction, codified by section 52 of the 'Statutory Construction Act' of 1937, P. L. 1019, subsection (4), that 'where in a later act the legislature uses the same language as in a prior cognate statute, which had been construed by us, the presumption is that the language thus repeated is to be interpreted in the same way it previously had been when considering the earlier statute': *Buhl's Estate*, 300 Pa. 29, 32. See also *Bell v. Bell*, 287 Pa. 269."

The claim filed in the instant case is perfectly adequate.

### Order

And now, to wit, January 7, 1942, the demurrer filed by defendant to the claim of the use-claimant in the above-entitled case is discharged with leave to file an answer on the merits within 15 days of this opinion.