# York City, Appellant, *v.* Beitzel.

*Municipal lien—Sidewalks—Cities of the third class—Statement of claim—Affidavit of defense—Acts of May 23, 1889, P. L. 277, May 16, 1891, P. L. 75, and June 4, 1901, P. L. 364—Ownership of street—Life estate.*

1. A municipal claim filed against property in a city of the third class for the construction of a brick sidewalk in front of such property, which shows on its face that it was filed under the provisions of the Act of June 4, 1901, P. L. 364, and by virtue of the Acts of May 23, 1889, P. L. 277, and May 16, 1891, P. L. 75, and their supplements, and sets forth in detail everything required by sec. 11 of the act of June 4, 1901, is sufficient to require the defendant to file an affidavit of defense to a scire facias issued upon the claim provided for by secs. 18 and 19 of the statute. In such a case an averment in the affidavit of defense that the pavement is not upon the property of the defendant, but upon the property of the city, is immaterial.

2. The property which directly abuts upon a public street is subject to the charge for the construction and maintenance of the sidewalk directly in front thereof, without regard to whether the owner of the property is also possessed of the fee in the land over which the street is located.

3. A life tenant is an owner within the provisions of sec. 1 of the Act of June 4, 1901, P. L. 364, and his estate is properly chargeable for the construction of a sidewalk in front of the property.

4. It is no defense against a municipal lien filed for the construction of a sidewalk along a public highway actually opened and used as such, that the municipality had adopted a plan which if carried into effect by proper municipal action would result in the widening of the highway.

5. On a scire facias on a municipal claim filed against a property for the construction of a sidewalk, an affidavit of defense is insufficient which merely avers that the pavement was not constructed according to the ordinance, and fails to state in what respect the construction departed from the provisions of the ordinance.

6. Where a municipal claim for the construction of a sidewalk shows

that the property was located at the corner of two streets and that the sidewalk was constructed along the two streets, an affidavit of defense is insufficient which avers the claim was "not apportioned to the several pavements on the said streets" where there is no allegation that the land against which the claim was filed was not a single-property.

Argued March 9, 1909. Appeal, No. 1, March T., 1909, by plaintiff, from order of C. P. York Co., Aug. T., 1907, No. 15, discharging rule for judgment for want of a sufficient affidavit of defense in case of City of York v. Mary J. Beitzel. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Scire facias sur municipal claim for the construction of a sidewalk.

The material portion of the claim was as follows:

Under and by virtue of an act of assembly entitled, "An act providing when, how, upon what property, and to what extent, liens shall be allowed for taxes, and other municipal improvements, and for the removal of nuisances," etc, approved June 4, 1901, and all other acts of assembly, and ordinances of said city relating thereto, the city of York files this its claim for $99.14 against the hereinafter described property with the improvements thereon, if any, and sets forth the following specifications of claim:

1. The name of the party claimant is the city of York.

2. The name of the owner or reputed owner of the property against which this claim is filed is Mary J. Beitzel.

3. The property against which this claim is filed is described as follows: All that certain lot or parcel of land situate in the ninth ward of the city of York, York county, Pennsylvania, bounded on the north by Salem road or avenue, on the east by property of Annie B. Byert, on the west by Belvidere avenue, and on the south by a twenty-foot wide alley, being known as Nos. 664, 666, 668, 670 and 672 Salem road or avenue, and having a frontage of 100 feet along said Salem road or avenue, and a depth of 135 feet on Belvidere avenue, more or less. The improvements thereon consist of: There are no improvements.

4. The work for which this claim is filed was done under and

by virtue of the several acts of assembly governing cities of the third class, to wit: The Act of May 23, 1889, P. L. 277; the Act of May 16, 1891, P. L. 75, and the several supplements to said acts; and an ordinance of the city of York entitled, "An ordinance relating to paving, curbing, repaving, recurbing and repairing sidewalks and gutters," approved September 15, 1891.

5. The work in front of the said property against which this claim is filed was completed on December 11, 1906, as certified by Frank H. Heckert, highway commissioner, who was supervising said work; said certificate being filed with the city clerk of the city of York, on April 9, 1907.

6. The kind and character of the work for which this claim is filed is as follows: Furnishing the labor and materials for and laying a four-foot wide brick sidewalk along the Salem road or avenue front, and along the Belvidere avenue side of said above-described lot of ground, according to grades and alignments therefor given by the city engineer of said city. The labor furnished for said sidewalk was as follows:

\*     \*     \*     \*     \*     \*     \*     \*

The affidavit of defense was as follows:

Mary J. Beitzel, against whose property a municipal lien was filed in the above-named case and scire facias issued thereon to the above-named term, files this her affidavit of defense to the scire facias issued thereon, and being duly affirmed according to law, deposes and says, that she has a just, true, legal, full and complete defense to all that part of the lien described therein as follows: "Furnishing the labor and materials for and laying a four-foot wide brick sidewalk along the Belvidere avenue side of said above-described lot of ground according to grades and alignments therefor given by the city engineer of said city," for the reason that the said pavement so as aforesaid constructed and the amounts charged for the material furnished and the labor employed and expended on said construction of said pavement is not upon the property of the said Mary J. Beitzel, but the said pavement is constructed upon the property of the city of York.

That the said Mary J. Beitzel owns only a life estate in the said lot described in this municipal lien.

That the city councils of the city of York, by ordinance regularly adopted on October 16, 1889, and recorded in city ordinance Docket A, p. 172, adopted Belvidere avenue from Market street southward to College avenue at a uniform width of sixty feet and that from said Market street to Salem avenue the said city of York has opened the said Belvidere avenue for a uniform width of sixty feet and required the laying of pavements and sidewalks for the said width.

That the said pavement for which a lien has been filed in the above-named case is laid twenty feet westward of the alignment of said Belvidere avenue as adopted and laid out by said city of York under said ordinance adopted and approved October 16, 1889, and recorded in city ordinance Docket A, p. 172.

That the said pavement on Salem avenue and the said pavement on Belvidere avenue, the labor and material for which are charged in the said above-named municipal lien and scire facias thereon, are neither of them constructed according to the ordinance of the said city of York or any ordinance, and the said pavements so constructed on both Salem avenue and Belvidere avenue are not constructed according to the grade and alignment adopted by the said city of York, and therefore the said Mary J. Beitzel, the abutting property owner, is not liable therefor, all of which matters the defendant will prove at trial.

The lien is defective and no recovery can be had thereon for the reason that the work and material furnished therefor, and the labor performed and prices paid are not apportioned to the several pavements and the said streets as is necessary for the collection, and the proper defense of the same.

The court discharged a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*John L. Rouse,* city solicitor, for appellant.—The claim must contain only such averments as are required to be contained therein by sec. 11 of the Act of June 4, 1901, P. L. 364.

The lien is a pure creature of statute and when the provisions of the statute are followed the court cannot either read into the

act or permit the omission from it, of any averment which is made an essential part: Tenth Nat. Bank v. Smith Const. Co., 218 Pa. 581.

We are not only not obliged to embody such ordinances in our claim, but we are not bound to prove them in our case in chief: Philadelphia to use v. MacPherson, 140 Pa. 5; Phila. v. Richards, 124 Pa. 303; Erie City v. Willis, 26 Pa. Superior Ct. 459; Allentown v. Ackerman, 37 Pa. Superior Ct. 363. Philadelphia to use v. MacPherson, 140 Pa. 5, is decisive of the case at bar.

We urge the insufficiency of the affidavit of defense to prevent judgment for that portion of the claim which relates to the sidewalk laid along the Salem avenue frontage of defendant's lot; and also its insufficiency to prevent judgment for the entire claim: Whitaker v. Phœnixville Borough, 141 Pa. 327; Volkmar Street, 124 Pa. 320; Kittanning Borough v. Thompson, 211 Pa. 169.

An examination of the cases in which affidavits to municipal claims have been before the court shows that the requirements of such affidavits of defense are certainly no less imperative than those filed in an action of assumpsit: Harrisburg v. Baptist, 156 Pa. 526; Erie City v. Butler, 120 Pa. 374; Pittsburg v. MacConnell, 130 Pa. 463; New Castle v. Rearic, 18 Pa. Superior Ct. 350.

If the defendant means that the grade and alignment as adopted by the city were disregarded by the engineer, then we say that the defendant cannot set up the variance as a defense to our claim: Shiloh Street, 165 Pa. 386; McKnight v. Pittsburg, 91 Pa. 273; City v. Hays, 93 Pa. 72; Childs' App., 179 Pa. 634.

*N. S. Ross*, with him *H. C. Brenneman*, for appellee.—The case was for a jury: Philadelphia v. Richards, 124 Pa. 303; McCormick's App., 165 Pa. 386; Holland & Co. v. Sunbury Iron Works, 9 Pa. Superior Ct. 261; Arnold v. Stoner, 18 Pa. Superior Ct. 537.

OPINION BY PORTER, J., October 11, 1909:

The court below discharged a rule for judgment for want of a

sufficient affidavit of defense, and the plaintiff appeals. The city filed a municipal claim against the property of the plaintiff situate at the southeast corner of Salem and Belvedere avenues, in the city of York; said claim being for the construction of a brick sidewalk in front of the said property, upon both streets. The claim was filed under the provisions of the Act of June 4, 1901, P. L. 364, and described the ordinance under which the work was done and the charge made by its title and the date of its approval, and declared that the lien was claimed "by virtue of the several acts of Assembly governing cities of the third class, to wit, the Act of May 23, 1889, P. L. 277; the Act of May 16, 1891, P. L. 75, and the several supplements to said acts." The claim, in addition to the foregoing statement of authority, set forth in detail everything required by the eleventh section of the Act of June 4, 1901, P. L. 364, and was, therefore, sufficient to require the defendant to file an affidavit of defense to the scire facias which issued upon the claim provided for by the eighteenth and nineteenth sections of the statute: Erie City v. Willis, 26 Pa. Superior Ct. 459; Allentown v. Ackerman, 37 Pa. Superior Ct. 363; Philadelphia v. Richards, 124 Pa. 303; Philadelphia v. MacPherson, 140 Pa. 5; Philadelphia v. Baker, 140 Pa. 11. The twentieth section of the act of June 4, 1901, makes the claim itself "conclusive evidence of the facts averred therein, except in the particulars in which those averments shall be specifically denied by the affidavit of defense." Was the affidavit filed by the defendant in this case sufficient?

The allegation of the affidavit that "said pavement is not upon the property of the said Mary J. Beitzel, but the said pavement is constructed upon the property of the City of York," is immaterial. The property which directly abuts upon a public street is, under our statutes, subject to the charge for the construction and maintenance of the sidewalk directly in front thereof, without regard to whether the owner of that property is also possessed of the fee in the land over which the street is located. The presumption is, in the absence of evidence to the contrary, that the owner of the abutting land is possessed of the fee in the land to the middle of the street in front, but it is the abutting land which is liable for the maintenance of the sidewalk

and there is no statute which authorizes any charge for such maintenance upon the land within the line of the street. The allegation that the defendant "owns only a life estate in the said lot described," is insufficient to prevent judgment. A life tenant is an owner within the provisions of the first section of the act of June 4, 1901, and his estate is properly chargeable for the maintenance of a sidewalk in front of the property: Meanor v. Goldsmith, 216 Pa. 489.

The following allegation of the affidavit of defense: "That the city councils of the City of York, by ordinance regularly adopted on the 16th day of October, 1889, and recorded in city ordinance book docket A page 172, adopted Belvedere Avenue from Market Street southward to College Avenue at a uniform width of 60 feet and that from said Market Street to Salem Avenue the said City of York has opened the said Belvedere Avenue for a uniform width of 60 feet and required the laying of pavements and sidewalks for the said width. That the said pavement for which a lien has been filed in the above named case is laid 20 feet westward of the alignment of said Belvedere Avenue as adopted and laid out by said City of York under said ordinance adopted and approved the 16th day of October, 1889," does not aver that the property in question abuts upon that part of Belvedere avenue to which the ordinance recited applies. This allegation of the affidavit does, in effect, state that from Market street southward to Salem avenue Belvedere avenue has been opened of a uniform width of sixty feet, but the property of defendant is on the south side of Salem avenue and does not abut upon that part of Belvedere avenue which is alleged to have been actually widened to sixty feet. If it be assumed that College avenue is south of Salem avenue, then the property does not abut upon that part of Belvedere avenue which is alleged to have been actually widened. The affidavit does not deny that the part of Belvedere avenue upon which the sidewalk in question was laid was a public highway, actually opened and used as such. Even if it be assumed, therefore, that the property in question abuts upon that part of Belvedere avenue referred to by the ordinance of October 16, 1889, the utmost that can be claimed for this affidavit is that

it asserts that the property in question abuts upon that part of Belvedere avenue which has not yet been widened, but with regard to which the city has adopted a plan locating a street which if ever carried into effect by a legal opening of the street will result in widening Belvedere avenue. The affidavit does not allege that any municipal action has ever been taken authorizing the opening of Belvedere avenue to the increased width in front of her property. Giving to this branch of the affidavit the most liberal interpretation possible in favor of the defendant it amounts simply to an allegation that the city has adopted a plan locating a street which if ever carried into effect by proper municipal action will result in the widening of Belvedere avenue, an existing public highway. The adoption of this plan, merely locating the street as of the additional width, was a declaration by the municipality of contemplated future action, to be carried into effect when, in the judgment of the municipal authorities, conditions might require the widening of the street. The strip of land affected by the proposed widening was not thus made a part of the public highway; in order to make it such the municipality must proceed in a legal manner to open the street to the increased width. The mere location of the street did not entitle the owners of the land which may eventually be taken by the proceeding to widen, to damages, that is a matter which will have to be settled when the municipal authorities determine to open the street to the increased width. The time when the additional strip of land shall be added to and made a part of the existing public highway is a matter exclusively within the discretion of the municipal authorities: Kittanning Borough v. Thompson, 211 Pa. 169. This defendant is now, so far as the allegations of this affidavit of defense indicate, the owner of the land directly abutting upon Belvedere avenue as now opened and used as a public highway, along which the sidewalk in question was laid, and when the city proceeds to widen Belvedere avenue, if it ever does so, she will be in position to assert a claim for any damage which she may sustain by the appropriation of that part of her property. It is not unusual for municipalities to adopt plans looking to the widening of long existing public highways, without at once

proceeding to open the highways to the additional width or even intending such action in the immediate future. The plan locating for the additional width may be adopted and the process of actual widening may be long delayed; a part of the street may be opened to the additional width at one time and other fragments of it from time to time as conditions require. The original street does not lose its character as a public highway, the several parts of its length as they, respectively, are from time to time legally opened to the new width, continue to be parts of the highway, although one part may be wider than another. The duty of the city is to maintain the several parts to the width they have been opened. The extent to which the several parts of the street have legally become a part of the public highway must determine the obligations of the owners of property abutting upon such parts of the street and the charges to which that property is subject. The part of the affidavit of defense above quoted does not aver facts which would sustain a finding that the strip of land twenty feet wide across the westward end of her lot had become a part of Belvedere avenue and is not a sufficient defense to the claim filed by the city.

The allegation that the sidewalk was not "constructed according to the ordinance of the City of York or any ordinance, and the said pavements so constructed on both Salem Avenue and Belvedere Avenue are not constructed according to the grade and alignment adopted by the said City of York, and therefore the said Mary J. Beitzel, the abutting property owner, is not liable therefor," is entirely insufficient. The affidavit does not deny that the ordinance recited in the claim filed by the city authorized the city to construct sidewalks on Salem avenue and Belvedere avenue at the expense of the defendant. The allegation just quoted manifestly refers, only, to the physical construction of the pavement; it does not state whether the city had adopted a grade and caused the street to be actually graded, nor does it state how the pavement was laid with regard to the natural grade. It avers that the pavement was not constructed according to the ordinance, but it fails to state in what respect the construction departed from the provisions

of the ordinance.  This part of the affidavit was at best but an expression of opinions and conclusions, unsupported by specific statements of fact, and is insufficient to prevent judgment: Erie City v. Butler, 120 Pa. 374; Pittsburg v. MacConnell, 130 Pa. 463; Harrisburg v. Baptist, 156 Pa. 526.

The final averment of the affidavit that there can be no recovery because the claim is "not apportioned to the several pavements and the said streets as is necessary for the collection," is without merit.  The affidavit does not allege that the land against which the claim is filed is not a single property. The claim shows that this was a property located on the corner of two streets, and it was proper for the city authorities to require that the entire sidewalk, upon both the streets on which the property directly abutted, should be put into proper condition at the same time; it certainly would be no advantage to the defendant to have this single claim divided, thus subjecting her to the cost of two proceedings.  If for any reason it is made to appear that this claim should be apportioned between different parts of the property, the fourteenth section of the act of June 4, 1901, affords the defendant a complete remedy. The affidavit of defense was insufficient to prevent judgment.

The order of the court below is reversed and the record is remitted to the court below, with direction to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.