## Prospect Park Borough *v.* McCoach, Appellant.

*Municipal liens—Sidewalks—Contiguous lots.*

A municipal lien for a sidewalk may be filed against a number of lots in a borough described as consecutively numbered, where it appears that the lots are contiguous, are not held by a separate title, are not used for separate or distinct purposes, and that the improvement was made at one time, under one ordinance and one contract. The fact that a fence was between two of the lots, without more, will not invalidate the lien.

Argued Nov. 19, 1912. Appeal, No. 149, Oct. T., 1912, by defendant, from order of C. P. Delaware Co., March T., 1910, No. 354, M. L. D., making absolute rule for judgment for want of a sufficient affidavit of defense in case of Prospect Park Borough to use of James Traquair Lang, Assignee of John L. Galloway, v. William McCoach. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Scire facias sur municipal lien. Before JOHNSON, P. J. The opinion of the Superior Court states the case.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*Henry M. Dubbs,* for appellant.

*W. Roger Fronefield,* for appellee.

PER CURIAM, February 27, 1913:

This appeal is from judgment for want of a sufficient affidavit of defense upon a scire facias upon a municipal claim for constructing a sidewalk. The claim was filed against "all that certain lot or piece of ground," which, after being specifically described, was stated to be lots numbered 377 to 385 as marked on a map of Prospect

Park recorded in the office for recording deeds. It is not disputed that these lots are contiguous; nor is it alleged that they are held by separate titles, or are used for separate and distinct purposes. Further, the improvement for which the claim was filed was not made at different times, under different ordinances, but was made as an entirety, under one ordinance and one contract. If the case rested here, the validity of the claim against the entire lot would be sustained by the decisions in Phila. v. Cadwallader, 22 W. N. C. 8; Chester v. Eyre, 181 Pa. 642, and York v. Beitzel, 41 Pa. Superior Ct. 194. As was said in the last-cited case, there would be no apparent advantage to the defendant to have this single claim divided, thus subjecting him to the cost of two proceedings. But it is alleged in the affidavit of defense, that a fence runs between lots 382 and 384, and from this fact the conclusion is drawn and averred that the properties on each side of the fence are separate and distinct, and therefore two claims should have been filed. We cannot agree that this conclusion follows. The mere fact of the existence of a fence across a lot is not necessarily inconsistent with the use of the lot as a whole, for a single general purpose. Something more should be alleged to support the conclusion that the portions of the lot on each side of the fence are separate and distinct properties for purposes of municipal improvement and lien. Hence, the affidavit of defense was insufficient to prevent judgment. "If for any reason it is made to appear that this claim should be apportioned between different parts of the property, the fourteenth section of the act of June 4, 1901, P. L. 364, affords the defendant a complete remedy:" York v. Beitzel, 41 Pa. Superior Ct. 194.

The judgment is affirmed.