## Scholl *versus* Gerhab.

1. The question of the validity of a mechanic's lien is to be taken advantage of by demurrer or motion to strike off the lien. It is not put in issue by the pleas of *non assumpsit*, payment with leave, &c., and advantage cannot be thus taken of its invalidity in the trial of issues of fact before a jury.

2. A bill of particulars was made part of a mechanic's claim consisting of forty-six items, commencing with "January 17th 1876," and continuing regularly in chronological order, the last item being under date "October 27th," without specifying the year. *Held*, that this was a sufficient compliance with the law.

March 1st 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas of *Bucks county :* Of January Term 1878, No. 40.

Scire facias sur mechanics' lien by John Gerhab against Benjamin Scholl, owner or reputed owner and contractor, with notice to Daniel M. Kramer, terre-tenant. Defendant pleaded non assumpsit, payment with leave to give special matter in evidence.

The lien was filed April 16th 1877, and was for materials, consisting of lumber, doors, sashes, mouldings, &c., &c., furnished for and about the erection and construction of a dwelling-house. The date of the first item furnished was January 17th 1876, and the dates of the last items were October 19th and October 27th. The amount for which the lien was filed was $602.44.

From the evidence on the part of the plaintiff it appeared that in January 1876, Scholl bought from Gerhab, who was a dealer in lumber, the materials for a house he was about to construct. The lumber was delivered to Scholl, according to order, upon the different dates set out in the bill of particulars. Gerhab agreed to give Scholl six months' credit for the amount of the bill. On January 6th 1877, Scholl gave Gerhab his note in payment which on April 9th 1877, was protested.

The plaintiff offered in evidence the lien on which the scire facias issued.

Defendant objected that it was not in accordance with the requirement of the act in that it fails to aver the time when the materials were furnished, or that they were furnished within six months last past.

The court overruled the objection. It was alleged on the part of the defendant that the house was entirely finished by the first of August 1876, more than eight months before the lien was filed, and about two months and a half before the last two items of October 19th and 27th, contained in the bill of particulars, were furnished, and that the same never went into the building or were furnished on the credit of it. It was a double house, and occupied by two tenants, named respectively Haines and Mitch. Haines

[Scholl *v.* Gerhab.]

moved in on the 25th of July 1876.   He testified everything was then done but the hanging of one door in a room partitioned off on the porch, which was hung July 31st, and no work was done after that time, the house being entirely finished.   Mitch moved into his side of the house on the 14th of September 1876, and testified he found everything finished.   The carpenters, three in number, testified that the house was entirely finished, except the hanging of the door mentioned by Haines, on the 25th of July 1876, and that door was hung on the 31st of July 1876; and further, that on the 31st of July 1876, the siding, moulding, transom, sash and doors were all in place, and the house needed nothing more.

In rebuttal the plaintiff called Enos Detweiler, a salesman of Gerhab, and offered to prove by him that he sold lumber to Benjamin Scholl on the 19th and 27th of October 1876, and at the time he sold it to him Scholl stated that it was for this house upon which the lien is that is now in dispute, or for a kitchen or shanty attached to the house, and a part of the house, to be followed by evidence that Scholl said yesterday that he purchased the materials charged on the 19th and 27th of October at that time for the building upon which this lien was entered.

Defendant objected: 1. That it is not competent to extend the right of the plaintiff to file a lien beyond six months by declarations of the original owner of the property, made after the house was completed, that it was still in process of erection.   2. That it is not competent to give any declarations of the original owner after he had parted with the title to the property, in the absence of his vendor, going to show his liability under the lien and more than six months after the last alleged date.   3. That this evidence is not in rebuttal, and is irrelevant.

Defendant moved that Kramer be admitted as a party defendant to defend, averring that he acquired title to the building, against which the lien is filed, by conveyance from the defendant before the filing thereof.

Plaintiff objected, upon the ground that the terre-tenant had no standing in court, the jury not having been sworn as to him, and that the scire facias must conform to the parties to the lien.

The court sustained the motion so far as to permit Kramer to appear and defend his interest in the premises, and directed that the name of the party defendant, as now entered on the record, be amended by adding thereto the words, "With notice to Daniel M. Kramer, terre-tenant."

Defendant, in support of his title to the premises, offered in evidence, deed of Benjamin Scholl and wife to Daniel M. Kramer, dated 11th April 1877, acknowledged same day, recorded 23d April 1877, for the premises in question.

Plaintiff resumed and renewed previous offer.   Defendant still

[Scholl *v.* Gerhab.]

objected for the reasons before stated. The court sustained the offer so far as to allow evidence to be given of the declarations of the defendant during the time he held the title to the premises, and before his conveyance to Kramer, but that declarations made since that time could not be received except for the purpose of contradicting him, and thus affecting his credibility as a witness.

The verdict was for the plaintiff for $629.54 and costs. The defendants took this writ and alleged that the court erred, inter alia, in admitting the above evidence.

*George Ross* and *L. L. James*, for plaintiff in error.—The lien does not aver when the materials were furnished, or that they were furnished within six months from the entry of the claim. Nor does it contain anything to identify it with this particular building, nor to show whether the dates of October 19th and 27th are in the year 1876 or 1877. These were fatal defects in the claim : Lehman *v.* Thomas, 5 W. & S. 262 ; McClintock *v.* Rush, 13 P. F. Smith 203. In the admission of Detweiler's testimony there was clearly error. Taken in the strongest light in which it can be viewed, it was evidence simply of an intention on the part of Scholl to make an addition to his house, which could have been as well done twenty years afterwards as then, and the furnishing of materials for which, would simply have created a right of lien on such alteration or addition. The admission of these naked declarations, unaccompanied by proof, or an offer to prove as an independent fact that the house was not then finished, was the recognition of a principle which would enable the owner of a building, by parol, to extend indefinitely the statutory period in which the lien may be filed, to the prejudice of the rights of an innocent purchaser, and throw wide open the door for the perpetration of fraud. The fact was undisputed that the house really was finished, and therefore the whole testimony of Detweiler in that regard was irrelevant. "Materials furnished after the building is finished cannot create a lien :" the case of the Olympic Theatre, 2 Brown 275.

*Nathan C. James, J. Monroe Shellenberger* and *G. & H. Lear*, for defendant in error.—The sufficiency of the claim must be determined by the court, and can arise only on demurrer or a motion to strike off the lien : Lybrandt *v.* Eberly, 12 Casey 347 ; Howell *v.* The City of Philadelphia, 2 Wright 471. When the plea in a scire facias on a mechanic's lien was no lien, no question as to the sufficiency of the lien could arise on the trial of issues of fact : Lee *v.* Burke, 16 P. F. Smith 336. Detweiler was in the employment of the plaintiff in the sale of lumber. The sale was to the owner and builder of the house. The testimony was to prove that the owner said it was to finish the house. The question before the jury was whether the house had been finished before

[Scholl *v.* Gerhab.]

that time. To prove that, by the admissions of the owner, was not only evidence, but the best evidence on the issue of fact.

Mr. Justice STERRETT delivered the opinion of the court, May 3d 1880.

The validity of the mechanic's lien or claim upon which the scire facias was based, was not put in issue by the pleading, and hence there was no error in permitting it to go to the jury in connection with the testimony which had been given to prove the sale and delivery of the materials specified in the claim as filed. The pleas were non assumpsit, and payment with leave to give special matter in evidence. It was held in Lewis *v.* Morgan, 11 S. & R. 234, that on a plea of payment with leave, &c., advantage could not be taken of the invalidity of the lien; that the plea virtually admitted the averments contained in the scire facias, and put the defence on collateral grounds. It is there said, that as an equitable plea it makes room for what would sustain a bill in equity, and as a legal plea it lets in proof of direct payment, or whatever may be equivalent thereto; but, in every such defence, whether legal or equitable, the claim is not denied on original grounds. The subject of pleading to a scire facias on a mechanic's lien, was considered in Lee *v.* Burke, 16 P. F. Smith 336, in which the pleas were, "no lien, payment, set off with leave;" and it was held that no question as to the sufficiency of the claim upon its face could properly arise upon the trial of issues of fact.

The plea of non assumpsit was in effect a denial that the defendant against whom the lien was filed, both as owner and contractor, had either ordered or agreed to pay for the material. To meet this the plaintiff introduced testimony to prove the sale and delivery to the defendant for the building against which the lien was filed. The specific objection to the lien was that it failed "to aver the time when the materials were furnished, or that they were furnished within six months last past." The authorities all agree that a question of law such as this should be taken advantage of by demurrer, or motion to strike off the lien, and not in the trial of issues of fact before a jury. But, aside from the form in which the court was asked to pass upon the alleged defects in the lien, the objections were not well taken. In the body of the claim reference is made to the annexed statement, setting forth "particularly the nature and kind of materials furnished, and the time when the same were furnished;" and it is subsequently averred that "the said claimant hereto annexes as part of said lien a detailed statement, exhibiting the amount or sum due him, and the time when the said materials were furnished." The bill of particulars, consisting of forty-six items, thus connected with and made part of the claim, commences with "January 17th 1876," and continues regularly in chronological order to the last item under date, October 27th

[Scholl *v.* Gerhab.]

1876. This was a sufficient compliance with the requirements of the act. Any one examining the claim, as thus presented, would readily understand when the several items from the first to the last were furnished.

The second assignment of error is not sustained. Enos Detweiler, an employee of Gerhab, was called to prove that when Scholl obtained the German siding and other material, on October 19th and 27th 1876, he stated it was for the house against which the lien was filed. At that time Scholl was the owner of the property, and his admissions under the circumstances were certainly competent as tending to prove not only that the building was not then finished, but also that the materials then procured by him were furnished for the building and on its credit. These were questions involved in the issue upon which the jury had to pass. The terre-tenant who was admitted to defend *pro interesse suo*, did not acquire title until two weeks after the alleged admissions were made. The offer was properly limited to proof of declarations made by Scholl during the time he owned the premises, and before the date of the conveyance to Kramer.

Judgment affirmed.