## City of York, Appellant, v. Miller.

*Municipalities—Liens—Proof of service of notice—Notice as prerequisite to validity—Alleged waiver—Judgment for defendant n. o. v.*

1. Those who would enjoy the benefit of the municipal lien act can do so only by complying with its requirements. A plaintiff cannot have a verdict unless his proofs satisfy every requirement of the act.

2. The regularity of a municipal lien is a question of pleading and any deficiency as to the form of the lien or the insufficiency of the averments therein contained must be taken advantage of either

by a demurrer or a motion to strike off. Where defendant goes to trial without objection to the form of the lien it is too late to enter such objection at the trial.

3. A motion to strike off or a demurrer can be employed only where there is a defect apparent on the record.

4. It is only as to those facts which are averred in the claim and are not traversed by the defendant that the defendant is bound.

5. The rule that in the absence of a rule of court the affidavit of defense when it has prevented a summary judgment has performed its whole office and is not before the court on the trial unless put in evidence as an admission against the party making it, is unaffected by the Act of June 4, 1901, P. L. 364, except when facts are averred in the lien and not denied in the affidavit of defense.

6. The giving of notice by the use-plaintiff to the owner of the property, although not required to be set forth in the lien, is an essential prerequisite to the filing of the lien, and where counsel for plaintiff admitted on argument on appeal that such notice had not been given judgment was entered for the defendant non obstante veredicto.

Argued May 17, 1916. Appeal, No. 377, Jan. T., 1915, by plaintiff, from judgment of Superior Court, March Term, 1915, No. 6, reversing judgment of plaintiff, C. P. York County, Jan. T., 1912, No. 125, in case of the City of York, to use of A. B. Kraft, v. Charles E. Miller. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Modified and affirmed.

Appeal from Superior Court.

The facts appear by the opinion of the Supreme Court, and in York City, to use, v. Miller, 60 Pa. Superior Ct. 407.

The Superior Court reversed the judgment of the lower court and granted a venire facias de novo. Plaintiff appealed.

*Error assigned* was the judgment of the Superior Court.

*John L. Rouse,* City Solicitor, for appellant.

*James G. Glessner,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, July 1, 1916:

In December, 1911, the City of York, to the use of A. B. Kraft, entered a municipal claim for paving a sidewalk in front of property owned by the defendant; a scire facias issued and an affidavit of defense was filed; trial was had, and the verdict favored the use-plaintiff; from a judgment in accordance therewith the defendant appealed to the Superior Court, which tribunal awarded a new trial; on petition of the plaintiff, we allowed the present appeal.

The right to recover was questioned in the Common Pleas on the ground that the use-plaintiff had failed to serve notice of his intention to file a municipal claim, as required by the Act of 1901, infra. This point had not been made in the affidavit of defense, but was raised for the first time at trial; with reference thereto the court below states, "There had never been any effort made to strike off or quash the lien, nor had any demurrer been filed, and we are of opinion that filing the affidavit of defense and going to trial waived the right to subsequently raise the question of the validity of the lien;" and, on this theory, a recovery was sustained. In reversing, the Superior Court said: "The ninth section of the Act of June 4, 1901, P. L. 364 (No. 228), provides in regard to municipal claims: 'Where claims are to be filed to use, the claimant, at least one month before the claim is filed, shall serve a written notice of his intention to file it unless the amount due is paid. Service of such notice may be made personally on the owner whereever found; but, if he cannot be served in the county where the property is situated, such notice may be served on his agent or the party in possession of the property, and if there be no agent or party in possession, it may be posted on the most public part of the property.' The eleventh section of said act specifies the several items which must appear in the lien. The notice required in the

case where there is a use-plaintiff is not included in the
matters required to be referred to in the lien.    Section
20 of the act makes the lien when drawn in conformity
to the act conclusive evidence of the facts averred there-
in, excepting in particulars in which these averments
are specifically denied in the affidavit of defense.    The
defendant at the trial offered to prove that the notice
required by the ninth section had not been given to him
by the use-plaintiff.    This offer the court rejected.    At
the conclusion of the testimony, the defendant asked for
binding instructions in his favor because there was no
evidence in the case that the use-plaintiff served a written
notice on the owner, at least one month before the claim
was filed, of his intention to file the lien in question un-
less the amount due was paid.    There had been no proof
that such notice had been served.    The court declined to
instruct the jury as requested.    The position taken by
the court was that the defendant, having filed his affidavit
of defense, could not, now, take advantage of any tech-
nical defense, but had to stand trial on the merits, citing
Howell v. Philadelphia, 38 Pa. 471; Allentown, to use,
v. Ackerman, 37 Pa. Superior Ct. 363; Lybrandt v. Eber-
ly, 36 Pa. 347; Lewis v. Morgan, 11 S. & R. 234; Scholl
v. Gerhab, 93 Pa. 346; Lee v. Burke & Glass, 66 Pa. 336.
The regularity of the lien is a question of pleading and
the cases above cited undoubtedly show that any de-
ficiency as to the form of the lien or the insufficiency of
the averments therein contained must be taken advantage
of either by a demurrer or a motion to strike off.    Where
a defendant goes to trial without objection to the form
of the lien, it is too late to enter the objection at the trial.
The point raised by the defendant is not, however, as to
the regularity of the lien.    The lien as filed contained
every essential statement required by the act.    A motion
to strike off or a demurrer would have availed the defend-
ant nothing, as there was no defect apparent on the rec-
ord.    He could not demur to something that was not on
the record or to the absence of something which was not

required by the act to be set forth on the record. It is only as to those facts which are averred and are not traversed by the defendant that the latter is bound. The case before us is distinguishable from that of Allentown v. Ackerman, 37 Pa. Superior Ct. 363, and the other cases referred to by the court, in this one particular, namely, in all of these cases there was a defect in the lien as filed and such a defect as to which a demurrer could have been filed. The defendant, in his affidavit of defense, made no reference to a lack of notice, neither do we think he was required so to do. No averment in this regard was made or was required to be made by the plaintiff, neither was the defendant confined to the defense set forth in his affidavit. In the absence of a rule of court, the affidavit of defense, when it has prevented a summary judgment, has performed its whole office and is not before the court on the trial unless put in evidence as an admission against the party making it: Flegal v. Hoover, 156 Pa. 276. The Act of 1901 does not change this rule, except as above noted, when facts are averred in the lien and not denied in the affidavit of defense. As to matters not alleged in the lien, the defendant is not limited to the defense set forth in his affidavit. The giving of the notice by the use-plaintiff to the owner of the property, although not·required to be set forth in the lien, is an essential prerequisite to the filing of the lien. The defendant offered to prove failure of notice. Having assumed this burden and the court having declined to allow the proof, it would hardly be fair to the appellee (plaintiff), for us to assume that no notice had been given, but the case should be sent back in order that the presence or absence of notice may be ascertained by proper proof."

The point of law involved is so well and correctly disposed of in the excerpt just quoted from the opinion of the learned Superior Court that nothing we might add thereto would further enlighten the subject; but at argument in this court, in answer to a question from the

bench, counsel for the appellant frankly admitted that no notice of an intention to file the lien was ever served. In view of this conceded fact, since we agree with the Superior Court that "the giving of notice by the use-plaintiff to the owner of the property......is an essential prerequisite to the filing of the lien," and that going to trial without previously having called attention in the affidavit of defense to the lack of this essential was no waiver thereof, it would serve no useful purpose to send the case back for a retrial; hence it is unnecessary to dispose of the several trial questions suggested in the specifications of error.

We have read the numerous authorities cited to us, but none of them rules this case. As said by the present Chief Justice in McVey v. Kaufmann, 223 Pa. 125, 129, "Those who would enjoy the benefits of the Mechanics' Lien Act can do so only by complying with its requirements"; see also Bernheisel v. Smothers, 5 Pa. Superior Ct. 113, 115, where it is stated: "A plaintiff cannot have a verdict unless his proofs satisfy every requirement of the act." Here the question is not, as in most of the cases cited, whether the defendant should be held to have waived certain averments ordinarily required to be present in a claim, but, rather, should he be held to have waived the performance of a substantive act essential to the plaintiff's right of recovery, simply because, in his affidavit of defense, he failed specifically to aver the non-performance of that act, when the affidavit filed contained sufficient averments to prevent a summary judgment, and there was no rule in the court below or in the statute confining a defendant to the defenses specifically set up in his affidavit. On this subject, as already indicated, we agree with the Superior Court that the question involved must be answered in the negative.

All assignments relating to the point discussed in this opinion are overruled, and the others are dismissed; but the judgment of the Superior Court is modified by striking therefrom the grant of a venire facias de novo, and judgment is here entered for the defendant.