## City of Philadelphia, to use of McHugh, v. Morone.

*Municipal claims—Motion to strike off—Demurrer—Res adjudicata.*

1. The dismissal of a motion to strike off a municipal claim is not a final judgment, and, hence, is not *res adjudicata* as to defects in the claim relied upon in the motion, and such defects may be made the basis of a demurrer to the *scire facias.*

*Municipal claims—Averments essential to validity—Act of June 4, 1901.*

2. Under section 11 of the Act of June 4, 1901, P. L. 364, which prescribes what the claim shall set forth, it is not necessary for a claim to use to contain an averment that the claimant has served written notice on the owner of his intention to file it, as required by section 9, and, hence, the failure to make such averment is not a defect which can be raised on a motion to strike off.

3. Failure by the use-plaintiff to file the affidavit required by paragraph 7 of section 11 may be remedied by filing the affidavit by leave of court; such affidavit is a proper amendment under section 35 of the act.

4. Where a claim filed to the use of a contractor fails to show under what contract the work was done, as required by paragraph 6 of section 11, the omission is a fatal defect, and the claim will be stricken off.

5. To sustain a nuisance claim, ten days' previous notice to the owner to abate the nuisance must be given, and failure to aver that such notice was given, as required by paragraph 7 of section 11, is ground for striking off the claim.

Demurrer to *sci. fa. sur* municipal claim. C. P. No. 1, Phila. Co., March T., 1921, No. 926, M. L. D.

*John P. Connelly,* for plaintiff.

*Trevor T. Matthews* and *Wayne P. Rambo,* for defendant.

TAULANE, J., May 13, 1925.—This matter comes before the court on a demurrer to a municipal claim and the *scire facias* issued thereon. The defendant entered a motion to strike off the claim for defects appearing on the face of the claim, to which the plaintiff filed an answer. The motion was dismissed and the plaintiff then issued a *scire facias,* to which a demurrer has been filed.

As the motion to strike off the claim was based on defects in the claim itself, no answer should have been filed, and the answer filed has no proper place in the record. Issues of fact cannot be raised by an answer to a petition to strike off a claim for defects appearing on the face of the claim.

Instead of ordering the demurrer on the list for argument, the plaintiff entered a rule for judgment for want of a sufficient affidavit of defence, which has been withdrawn. The demurrer is now before the court for decision.

There is no doubt a defendant may demur, instead of filing an affidavit of defence, to a *scire facias sur* municipal claim: Lehman v. Thomas, 5 W. & S. 262; Hill v. McDowell, 14 Pa. 175, and City of York v. Miller, 254 Pa. 436.

Indeed, defects appearing on the face of a claim can only be taken advantage of by a motion to strike off or a demurrer; filing an affidavit of defence to the merits is a waiver of such defects: Scholl v. Gerhab, 93 Pa. 346.

There is nothing in the Act of June 4, 1901, P. L. 364, regulating the filing and enforcing of municipal claims, which changes the practice of demurring to municipal claims: City of York v. Miller, 254 Pa. 436.

The grounds of the demurrer are substantially the same as the reasons set forth in the petition to strike off the claim.

The plaintiff contends that the dismissal of the motion to strike off is res judicata, and that the defects in the claim relied upon in the motion to strike off cannot again be objected to by demurrer. This contention cannot be sustained.

No question becomes res judicata until it is settled by a final judgment: 1 Freeman on Judgments (4th ed.), par. 251, and 2 Black on Judgments (2nd ed.), pars. 509 and 695.

In Webb v. Buckelew, 82 N. Y. 555, 560, Finch, J., said: "It is, therefore, only a final judgment upon the merits, which prevents further contest upon the same issue and becomes evidence in another action between the same parties or their privies. Until final judgment is reached, the proceedings are subject to change and modification; are imperfect and inchoate, and can avail nothing as a bar, or as evidence, until the judgment, with its verity as a record, settles finally and conclusively the questions at issue. An interlocutory order is not such a judgment. It is not a judgment at all."

In Harmon v. Struthers, 48 Fed. Repr. 260, Acheson, J., said: "According to the language of all the authorities, to conclude the parties, the former judgment or decree must have been final. Now we find, in the opinion of the Supreme Court in Beebe v. Russell, 19 Howard, 283, 285, a final decree thus explained: 'When a decree finally decides and disposes of the whole merits of the cause and reserves no further questions or directions for the future judgment of the court, so that it will not be necessary to bring the cause again before the court for its final decision, it is a final decree.'"

The dismissal of a motion to strike off a claim is not a final judgment. No appeal lies to such a dismissal, because there is no definitive decree or judgment: Philadelphia v. Christman, 6 Pa. Superior Ct. 29, and Carter v. Caldwell, 147 Pa. 370.

It would be a novel doctrine that the refusal of judgment for want of a sufficient affidavit of defence, where the issue is a question of law, was res judicata at the trial. If such were the law, the courts could not conveniently follow the accepted practice of refusing judgment except in plain cases.

If the contention of the plaintiff be sound, the defendant would be in a plight; he cannot appeal from the refusal to strike off the claim; he cannot demur because it is res judicata, and if he files an affidavit of defence, he waives the defects in the claim.

What are the defects in the claim? The defendant points out many defects, but it is only necessary to consider four:

1. Failure to allege that notice was served on the defendant that the claim would be filed if the defendant failed to pay within thirty days.

Section 9 of the Act of June 4, 1901, P. L. 364, provides: "Where claims are to be filed to use, the claimant, at least one month before the lien is filed, shall serve a written notice of his intention to file it unless the amount due is paid."

Section 11 of the Act of June 4, 1901, prescribes the form of a municipal claim, but it does not require any statement or allegation in the claim itself

that the thirty days' notice was given; hence, the failure to aver in the claim the giving of such notice is not a defect which can be raised on a motion to strike off: City of York v. Miller, 254 Pa. 437.

The claimant, at trial, must prove as part of his case the giving of such notice: City of York v. Miller, 254 Pa. 437.

This objection to the claim is without merit.

2. That the claim was not accompanied by an affidavit that the facts therein were true.

Paragraph 7 of section 11 of the Act of June 4, 1901, prescribes: "In the case of a use-plaintiff, [the claim] must be accompanied by an affidavit that the facts therein set forth are true to the best of his knowledge, information and belief."

The affidavit was not filed with the claim, but the claimant, with the permission of the court, has since filed such an affidavit. The filing of the affidavit was a proper amendment permitted by section 35 of the Act of June 4, 1901.

3. That the contract under which the work was done is not mentioned in the claim.

Paragraph 6 of section 11 of the Act of June 4, 1901, provides that the claim shall set forth: "If filed to the use of a contractor, the date of, and parties to, the contract for doing said work."

This objection is well taken, because the claim is filed to the use of a contractor, and nowhere in the claim is it shown under what contract the work was done.

4. That no notice was given to defendant to remove the nuisance.

Paragraph 7 of section 11 of the Act of June 4, 1901, provides that the claim shall set forth: "If the work be such as to require previous notice to the owner to do it, when and how such notice was given."

No such notice was given to the defendant. In fact, the only notice alleged in the claim to have been given to the defendant was a notice to the defendant's brother on Jan. 10, 1921.

The work was completed on Oct. 28, 1920; hence, the notice given to the defendant's brother was long after the completion of the work.

The work claimed for in the claim is the repaving of an alley declared by the Board of Health to be a nuisance, and was done under the Act of June 25, 1913, P. L. 544, which provides as follows: "That in cities of the first class, the board of health is hereby empowered to abate nuisances upon private alleys, now existing or hereafter to be laid out, upon the neglect or refusal of the owners of the properties, having the use of said alleys, to abate said nuisance within ten days after service of notice upon the owners so to do."

It is clear the board of health had no authority to do the work unless the defendant neglected to abate the nuisance within ten days from notice so to do. As it nowhere appears in the claim that any such notice was given, we are of the opinion that the claim is fatally defective: Philadelphia v. Dungan, 124 Pa. 52, and Connellsville Borough v. Gilmore, 15 W. N. C. 343.

In Connellsville Borough v. Gilmore, 15 W. N. C. 343, Paxson, J., said: "A municipal claim, being the creature of statute and unknown to the common law, must conform to the law of its creation. This claim is radically defective. The Act of 1851 only empowers the borough to file such a claim after the default of the owner or occupier to remove the objection after a demand upon him by the borough authorities to do so. Such demand, being a prerequisite, should have been averred in the claim."

City of Philadelphia, to use of McHugh, *v.* Morone.

At the argument, the court suggested to counsel for the plaintiff the claim might be amended, but no application has been made to amend. We may well assume the facts do not justify an amendment.

The facts set forth in the answer to the motion to strike off the claim are not part of the record and cannot be taken or considered as amendments to the claim. The only way the defects in the claim can be cured is by amendment. As the plaintiff has not moved to amend, the demurrer must be decided on the claim as filed.

For the reasons stated, we are of the opinion that the demurrer must be sustained.

And now, May 13, 1925, judgment is entered on the demurrer in favor of the defendant and against the plaintiff.

NOTE.—Section 11 of the Act of 1901 is substantially the same as section 10 of the Act of May 16, 1923, P. L. 207, 212.