## Grego et ux. v. Kromberg et ux.

*Robert V. Moser*, for plaintiffs.

*Louis Cohen*, for defendants.

FORTNEY, P. J., July 26, 1948.—Plaintiffs filed their complaint in ejectment, to which defendants filed preliminary objections. The matter was argued before the court and the disposition of the preliminary objections is now before us.

Four specific objections were filed. The first alleges the complaint does not comply with Pa. R. C. P. 1024($a$), in that the verification does not contain a statement that the facts are of affiants' personal knowledge. The verification in the present case is made by both plaintiffs, who acknowledge the facts stated in the complaint to be true and correct. This objection is entirely without merit, the courts having

repeatedly so held. See Thomas v. Hempt Bros., 62 D. & C. 618, where it is said:

"An affidavit to a complaint stating that the facts set forth therein 'are true and correct' without any qualification sufficiently complies with Pa. R. C. P. 1024(a), even though not in the exact wording prescribed therein, since the form clearly indicates that the averments made are on personal knowledge."

The second objection contends that the complaint fails to set forth the manner by which defendants are now in possession. The complaint avers that plaintiffs are the owners in fee of certain premises particularly described, upon which is erected a two-story frame dwelling, which is divided into two apartments, one on each floor, and that defendants are in possession of the second-floor apartment of the premises without any right and without claim of title. If this matter is material, we think it is defendants' duty to plead it and to prove it if the case comes to trial. This objection is without merit.

The third objection alleges that plaintiffs failed to set forth in their complaint an abstract of title as required by Pa. R. C. P. 1054. Paragraph (*b*) of this rule provides:

"A party shall set forth in his complaint or answer an abstract of the title upon which he relies at least from the common source of the adverse titles of the parties."

A reading of the complaint (paragraphs 3 and 4), convinces us that this objection is entirely without merit.

The fourth objection alleges that the complaint fails to set forth a proper legal notice to vacate as required by law. Defendants contend that the complaint alleges a compliance with the provisions of the Housing and Rent Control Act of 1947; that this is incorrect because the Act of 1947 was superseded by the Housing and Rent Control Act of 1948. A reference to the Housing

Act of 1948, C. 161, Public Law 464, shows specifically that the Act of 1948 was but an amendment to the Act of 1947, and we therefore consider the seventh paragraph of plaintiffs' complaint to be amended and to read: "Plaintiffs have complied with all the provisions of the Housing and Rent Control Act of 1947 and its amendments." Defendants likewise complain in this objection of a failure to specifically set forth that 60 days' notice had been given defendants, in compliance with the law. The complaint avers that plaintiffs seek possession of the premises for their own use and occupation and because they desire to make improvements on the premises, that in spite of repeated demands defendants refused and continue to refuse to surrender possession thereof. In Standard Engineering and Lubricating Co. v. Hoenninger, 39 Lanc. 363, it was held a statement can only be stricken off for some imperfections appearing on its face, and not for facts which must be elucidated by evidence. And, in City of York v. Miller, 254 Pa. 436, a motion to strike off can be employed only where there is a defect apparent on the record. In the absence of anything on the face of the complaint which would lead to a contrary conclusion, we must assume that the complaint contains a statement of all the material facts in the case. This reason is therefore without merit.

The complaint must be self-sustaining. It must set forth facts sufficient to establish a legal cause of action, that is to say, it must set forth every ingredient necessary to a good and complete cause of action, by averring all facts or matters of substance essential thereto which, if not controverted, would entitle plaintiffs to a verdict. The complaint before us meets this test, and we make the following

### Order

And now, to wit, July 26, 1948, the preliminary objections filed in this case by defendants are dismissed. Defendants are directed to file an answer on the merits within 10 days from this date.