## Borough of Newtown v. Murfit et ux.

*John Leslie Kilcoyne,* for plaintiff.

*Barrett & Monroe,* for defendants.

BIESTER, J., April 9, 1951.—This matter comes before the court on defendants' affidavit of defense in the nature of a statutory demurrer.

Defendants assigned five reasons why the demurrer should be sustained, the first of which denies the legal sufficiency of service by registered mail of the notice to curb and pave the sidewalk and gutter in question.

Defendants do not contend that notice was not received by registered mail, but argue that although received, such notice was not in compliance with section 7 of the Municipal Claims Act of May 16, 1923, P. L. 207, 53 PS §2027. This section of the act provides as follows:

"No claim shall be filed for curbing, recurbing, paving, repaving or repairing the footways of any highway, unless the owner shall have neglected to do such work for such length of time as may be described by ordinance, after notice so to do, served upon him or his known agent or occupant of the property. . . ."

Reference to the curbing and paving ordinance of the Borough of Newtown, which is attached to the claim, reveals a provision that such notice shall be sent by registered letter by the secretary of the town council to the last known address of the person in whose name the title to the lot or grounds appears on the public records. In effect, defendants argue that this provision of the ordinance does not comply with the act of assembly in that service by registered mail is insufficient notice.

Defendants have cited no cases in support of this view, nor have we found any. There are, however, expressions by our courts which indicate that notice by mail is sufficient: L. A. Smith and wife v. Kingston Borough, 120 Pa. 357; Black v. Roebuck, 17 Pa. Superior Ct. 324.

The case of Terre Hill Borough v. Young et al., 14 D. & C. 508, cited by defendants as being in support of their position, is not pertinent to the inquiry. In that case the lien did not set forth the giving of any notice to the lot owners, nor was any proof offered that any such notice was served. The court held that claimant, having omitted such averment in its claim and having offered no proof of service, had failed to comply with the act of assembly.

In the instant case, however, defendants do not allege that the notice was not received, but attack the propriety of the notice. Unquestionably, the purpose of the statute is to permit the owners to make the repairs, pave or repave for and on their own behalf, and this purpose is accomplished when the owners have actual knowledge of the intention of the municipality to proceed with the work if the owners neglect to do so. If it were contended by defendants that no notice had been received, only then would the question arise as to the sufficiency of the notice by registered mail. In such event, this would become a problem for the jury, in that the jury trying the case would be called upon to pass upon the question as to whether or not the owners had received such notice.

The second, third and fourth paragraphs of the demurrer may be considered together as they relate to the same subject matter.

These reasons involve the construction of a provision of the curbing and paving ordinance of the Borough of Newtown, which provides as follows:

"Any sidewalk laid before the effective date of this ordinance and constructed of material other than cement, such as brick, stone, etc., can be maintained with the same kind of material when repairs or maintenance is ordered by the Town Council or desired by the owner of the property, but there shall be no extension of any existing sidewalk of any material except cement, . . ."

Defendants take the position that they, having had a brick sidewalk prior to the ordinance, were not required to replace such brick sidewalk with a cement sidewalk, curb and gutter since the above provision of the ordinance permitted repairs of the brick sidewalk with the same kind of material.

This position is assailable for two reasons: first, because the work done by the municipality was not in the nature of repairs or maintenance, but was for curbing and paving; and secondly, because this objection involves a speaking demurrer, in that the record we are called upon to examine contains no statement of fact regarding the material that composed the sidewalk prior to the repaving.

The fifth reason assigned for the position of defendants that the demurrer should be sustained is to the effect that plaintiff borough should have averred in its claim compliance with the Act of July 10, 1947, P. L. 1621, sec. 42, 53 PS §13412, which provides:

"The acceptance of bids shall only be made by public announcement at the meeting at which bids are received, or at a subsequent meeting, the time and place of which shall be publicly announced when bids are received. If for any reason one or both of the above meetings shall not be held, the same business may be transacted at any subsequent meeting if at least five days notice thereof shall be published in the newspaper aforesaid."

Defendants argue that this act of assembly was not complied with by the borough council, stating that at a meeting of the borough council, held October 3, 1949, bids were received as a result of advertisements, but no bids were accepted. Further that on October 6, 1949, it was advertised that there would be a meeting of the Newtown Borough Council that same evening, that is, the evening of October 6, 1949, and that at this meeting the contract for curbing and paving was awarded.

We find again in this instance an attempt to inject a factual situation not appearing in the municipal claim as filed, and, therefore, we are not in a position to pass upon the question of the legality of the proceedings of the council in its acceptance of bids for the curbing and paving as this matter is not properly before us.

As to the obligation of plaintiff to set forth in its claim a statement of the proceedings of the council prior to the acceptance of bids, we find no requirement in the law which necessitates such averments in a municipal claim.

The Act of July 2, 1937, P. L. 2808, 53 PS §2030, sets forth the seven requirements of such a claim. The only stated requirement which even vaguely approaches this alleged defect in the claim is the one which states that the claim should set forth "the authority under or by virtue of which the tax was levied or the work was done".

In the present instance the municipal claim sets forth in paragraph 4 thereof that the work was done and material furnished under the appropriate act of assembly and under authority of an ordinance of the Borough of Newtown, of October 2, 1944. Plaintiff, although probably not required to do so, also attached a copy of the ordinance to the claim. It is, therefore, quite clear that plaintiff has complied with the section

of the act which required that the claim set forth the authority under which the work was done.

The work was not done under the authority of the Act of July 10, 1947, hereinbefore referred to, but under the Municipal Claims Act and the Ordinance of October 2, 1944.

Therefore, now, to wit, April 9, 1951, the affidavit of defense in the nature of a demurrer is dismissed and overruled, leave being granted to defendants to file an affidavit of defense to the merits within 15 days from the date hereof.