Philadelphia, to use of DePaul & Son,
Appellant, *v.* Magnolia Cemetery
Company of Philadelphia.

Argued December 9, 1961. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*David H. Kubert,* with him *Harry P. Voldow,* for use plaintiff, appellant.

*Karl I. Schofield,* Deputy City Solicitor, with him *Levy Anderson,* City Solicitor, for intervenor, appellant.

*Robert Boyd, Jr.,* submitted a brief for appellee.

OPINION BY JACOBS, J., March 24, 1972:

The appellant in this case is a contractor who paved the cartway and installed curbing along a footway adjoining the real estate of appellee. Appellant filed a municipal claim in the name of the City of Philadelphia to his use by virtue of the provisions of the Act of May 16, 1923, P. L. 207, *as amended,* 53 P.S. §7101 et seq. On November 10, 1970, appellant caused a scire facias sur municipal claim to issue. Appellee, a cemetery company, filed a paper it called a demurrer to plaintiff's claim on July 2, 1971. On August 6, 1971, the lower court sustained the demurrer and dismissed

the claim. The City of Philadelphia has intervened as an appellant.

The demurrer avers that appellee is a nonprofit cemetery corporation and exempt from municipal claims; that it at one time waived damages for the taking of a street in the belief it would be exempted; and that the description of the real estate in the claim was defective. Without any reply having been filed by appellant and without any hearing, the lower court found that the appellee was exempt from liability for municipal claims and that the description of the real estate in the claim was defective. This was error and must be reversed.

A demurrer is the proper way to show any deficiency as to the form of the lien or the insufficiency of the averments contained therein. *City of York v. Miller,* 254 Pa. 436, 98 A. 1049 (1916). However, a demurrer cannot inject facts not appearing in the pleading to which it is filed. *Borough of Newtown v. Murfit,* 79 Pa. D. & C. 135 (1951). A demurrer cannot supply facts missing in a complaint and in passing on the demurrer the court may consider only such matters as arise out of the complaint itself. *Linda Coal & Supply Co. v. Tasa Coal Co.,* 416 Pa. 97, 204 A. 2d 451 (1964). Therefore, the allegations of the demurrer relative to appellee's exempt status were improperly considered by the court below.

In passing on demurrers to pleadings every material and relevant fact well pleaded and every inference fairly deducible therefrom are to be taken as true. *Commonwealth v. Musser Forests, Inc.,* 394 Pa. 205, 146 A. 2d 714 (1958). The municipal claim names The Magnolia Cemetery Company of Philadelphia as owner. This must be accepted as correct. Such designation of ownership, however, does not imply an exempt status

permitting the court to consider it in ruling on the demurrer.

The only objection made by appellee which is cognizable on demurrer is the claim that the description is defective and should be stricken off. An examination of the description indicates that the same nine-acre tract was described twice. Admittedly, the description was carelessly prepared, but it is sufficient to identify the tract and that is all that is required. "The object of the description in a municipal claim is to ascertain the locality of the property charged and municipal claims do not require as strictly accurate descriptions as those of mechanics for work done on a particular property." *Latrobe Borough v. Austraw*, 157 Pa. Superior Ct. 643, 645-46, 43 A. 2d 612, 613 (1945). It cannot be said that the description is defective as a matter of law.

The action of this Court is not intended to prevent the appellee from raising the defenses it has alleged in its demurrer. Such defenses, however, must be raised in an affidavit of defense on the merits.

The order of the lower court dismissing the municipal claim is reversed and it is directed that appellee be given twenty (20) days from notification of this order within which to file its affidavit of defense.