## Bogucki v. Eells

*Dean A. Nance,* for plaintiffs.

*Howard M. Holmes,* Assistant Attorney General, for defendants.

DEFURIA, J., July 2, 1974.—This action is trespass was brought against two employes of the Delaware County Board of Assistance (hereinafter "board") and against the "board" itself. Defendant,

Margaret Eells, is a caseworker at the Delaware County Board of Assistance. Defendant, Yvonne Norman, is also employed by the board as a caseworker supervisor, charged with the supervision of defendant Eells and others. The complaint alleges plaintiffs were damaged because of negligent misrepresentation of facts. It is averred defendant Eells represented to plaintiffs they must initiate legal proceedings against their husbands for support before they could receive additional welfare benefits. These alleged representations were false and were either known to be false or were made with reckless disregard of their truth or falsity.

Defendant Norman as defendant Eells' supervisor is alleged to have a duty to instruct, direct and inspect the work product of defendant Eells and that Norman failed to exercise reasonable care and diligence in the supervision of Eells.

The allegations in the complaint touching on the claimed liability of the defendant board have been stricken from the complaint by plaintiffs in the amended complaint. Subsequent to filing the amended complaint, plaintiffs have filed a rule to show cause why the action should not be discontinued as to the board. The Commonwealth indicates in its brief it will not object to the petition.

Defendants have filed preliminary objections to the amended complaint raising the question of jurisdiction and sovereign immunity. There has been a demurrer to the complaint.

In evaluating preliminary objections, every material and relevant fact well pleaded and every inference fairly deducible therefrom are to be taken as true: Phila., to use of DePaul & Son, etc. v. Magnolia Cemetery Co., 220 Pa. Superior Ct. 424, 289 A. 2d 191, 193 (1972). The want or omission of definite fac-

tual allegations essential to a cause of action renders the complaint subject to attack by demurrer: Com. ex rel. Duff v. Keenan, 374 Pa. 574, 33 A. 2d 244 (1943), Linda Coal & Supply Co. v. Tasa Coal Co., 416 Pa. 97, 204 A. 2d 451 (1964).

Plaintiffs in their brief have ignored the arguments developed by defendants with respect to the immunity of the board. The action of plaintiffs in striking from the complaint those paragraphs which set forth their claim against the board leaves no cause of action alleged against the board. In any event, since the board is an agency of the Commonwealth and the Commonwealth has not consented to be sued, the board is immune from suit: Brown v. Commonwealth, 453 Pa. 566, 305 A. 2d 868 (1973); Biello v. Penna. Liquor Control Board, 454 Pa. 179, 301 A. 2d 849 (1973).

Defendants argue this court is without jurisdiction. The board is an agency of the Commonwealth: Act of June 13, 1967, P. L. 31, 62 PS §415. As such, any action against the Commonwealth or its agents must be brought in the Commonwealth Court: Act of July 31, 1970, P. L. 673, 17 PS §211.401. Indeed, if the preliminary objections were not otherwise sustained as to the board, they would be for this reason.

The individual defendants contend that the action as to them must also be commenced in the Commonwealth Court.

The claimed liability of the individual defendants is founded upon acts or omissions to act within the scope of their authority, i.e., Eells is alleged to have misrepresented, while acting as a case worker, facts relating to qualifications to obtain additional welfare payments, and Norman, while acting as a caseworker supervisor, failed to properly supervise and inspect the work of defendant Eells.

Eells is alleged to have made the incorrect representations knowing them to be false, or, in the alternative, made them with reckless disregard of their truth or falsity. No such allegation of recklessness is made as to defendant Norman.

The Commonwealth Court has original jurisdiction of all civil actions or proceedings against the Commonwealth or any officer thereof, acting in his official capacity: Act of July 31, 1970, P. L. 673, 17 PS §211.401.

To oust this court of its jurisdiction, the individual defendants must qualify as officers of the Commonwealth acting in their official capacity.

A public officer is one appointed or elected to perform duties of a grave and important character for the benefit of the public during a definite term and in return for a stipulated compensation to be paid from the public treasury: Snyderwine et al. v. Craley, 434 Pa. 349, 254 A. 2d 16 (1969).

Section 417 of the act creating county boards of assistance give the county board power ". . . to appoint . . . employes": Act of June 13, 1967, P. L. 31, sec. 417, 62 PS §417.

The complaint alleges the individual defendants were "employed" by the board.

It follows the individual defendants are "employes" of the board and do not qualify as "officers" and, therefore, as to them the suit need not be commenced in the Commonwealth Court.

The individual defendants argue they are immune from suit.

A high public official, acting officially and within the scope of his authority, enjoys absolute immunity with respect to his official acts: Matson v. Margiotti, 371 Pa. 188, 88 A. 2d 892 (1952). Public officials generally are not liable for their acts done within the scope of their duties unless the acts are reckless, wan-

ton or malicious: Ammlung v. Platt, 224 Pa. Superior Ct. 47, 302 A. 2d 491 (1973).

The liability of State employes who cannot be classified as "high public officials" was considered in DuBree v. Commonwealth, 8 Comm. Ct. 567, 574, 303 A. 2d 530 (1973) and on page 534, the opinion reads:

"It would also seem reasonable to hold that a conditional immunity applied to those public officers and employeees not entitled to absolute immunity would protect the public in much the same manner, and it would seem equally reasonable that the conditions of this immunity be that the official be acting within the scope of his authority and that his negligent conduct must not be intentionally malicious, wanton or reckless. To place liability upon a public official who is not a high public official, therefore, it is merely necessary to show that the officer concerned was not acting within the scope of his authority, or that the conduct complained of was intentional, as well as malicious, wanton or reckless. He may escape liability, however, if he did act within the scope of his authority and if his negligent conduct was not intentionally malicious, wanton or reckless."

With these guidelines, it is clear there is no basis for continuing the suit against defendant Norman. The conduct by defendant Norman which is complained of was within the scope of her authority and is nowhere alleged to be intentionally malicious, wanton or reckless.

The case against defendant Eells is closer. It is alleged she made the misrepresentation of fact either knowing the representation was false or made it with reckless disregard of its truth or falsity. There is no question the representation made was within the scope of her authority. Plaintiffs' allegations take defendant Eells out of the group of the conditionally immune.

While the complaint is a prolix, vague and narrative

document, there are sufficient facts alleged in it which support a claim against defendant Eells.

We, therefore, make the following

### ORDER

1. The preliminary objections by the Delaware County Board of Assistance are sustained and as to it, the action is dismissed.

2. The preliminary objections by defendant Yvonne Norman are sustained and as to her, the action is dismissed.

3. The preliminary objections by defendant Margaret Eells are dismissed.

4. Defendant, Margaret Eells, is directed to file an answer within 25 days of the date of this order.