## McMaster v. Henry

*David Baxter,* for plaintiff.
*Harold E. Miller,* for defendant.

PEOPLES, *P.J.,* November 18, 1983—On June 6, 1977, plaintiff, Christine M. McMaster, gave birth to a child, namely, Kirsch L. McMaster, at Altoona, Pennsylvania. On January 29, 1980, plaintiff filed the instant paternity action pursuant to the provisions of the Civil Procedural Support Section of the Judicial Code, 42 Pa. C.S. §6701, et seq., and in response thereto defendant, Terry Lee Henry, filed preliminary objections in the nature of a demurrer on the contention that "plaintiff's complaint on its face clearly discloses that the last contribution by defendant was in excess of two years from the date of filing plaintiff's complaint." It is those preliminary objections which are now before the court for disposition following the filing of briefs by counsel for plaintiff and counsel for defendant.

The provisions of the Judicial Code pertinent to the question now before the court are found at 42

Pa. C.S. §6704(e) (1978, April 28, P.L. 272, No. 53, §10 (88), effective June 27, 1978.):

"(e) Limitation of actions. All actions to establish the paternity of a child born out of wedlock brought under this section must be commenced within six years of the birth of the child, except where the reputed father shall have voluntarily contributed to the support of the child or shall have acknowledged in writing his paternity, in which case an action may be commenced at any time within two years of any such contribution or acknowledgement by the reputed father."

Not until July 22, 1981, were actions such as this governed by rules of procedure specifically designed for actions for support. Thus, on or about March 20, 1980, when defendant's preliminary objections were filed, they came under the governance of Pa. R.C.P. 1017. According to the provisions of that rule, defendant's demurrer here is the proper procedural vehicle to be utilized in raising the question of a bar to this action by the statute of limitations. In pertinent part, Rule 1017(b)(4) provides that:

"A demurrer, which may include the bar of a nonwaivable statute of limitations or frauds which bars or destroys the right of action and the applicability of which appears on the face of the complaint or counterclaim;"

A demurrer is a pleading which tests the legal sufficiency of the opposing party's pleading. The sum and substance of the contention raised by a demurrer is that even if the facts set forth in the complaint be true, they do not constitute a legal claim. The question raised by the demurrer is whether upon the facts averred in the complaint, the law says with certainty that the claim has validity. It is fundamental law that in ruling on a demurrer, the court must regard as true every material and rel-

evant fact well pleaded and every inference fairly deducible therefrom. Philadelphia use of Tony DePaul & Son v. Magnolia Cemetery Company, 220 Pa. Super. 424, 289 A.2d 191 (1972).

Plaintiff contends that the instant action is governed by the provisions of the Civil Procedures Support Law as set forth in the Judicial Code, supra. In this respect, it is concluded that plaintiff is correct in her contention. Accordingly, the statute of limitations governing the institution of the instant action is that which is set forth at 42 Pa. C.S. §6707(3) which is hereinbefore set forth. Plaintiff argues that the applicable statute of limitations in this matter is one of six years duration which begins to run at the date of the birth of the child. This court believes that this contention of plaintiff is also correct. To conclude otherwise would produce an unjust result which was obviously not intended by the draftsmen of the Judicial Code, supra.

In constructing the provisions of Section 6704(e) of the Judicial Code, supra, the legislature of this Commonwealth singled out actions to establish paternity for special treatment with regard to imposition of limitations on filing such actions. It is clear that the general assembly desired to broaden rather than narrow the time span within which paternity actions might be commenced. This fact appears most obvious to this court when it is noted that in its initial provision, Section 6704(e) of the Judicial Code, supra, provides that all such actions must be commenced within six years of the birth of the child compared to the two-year statute of limitations made applicable by the Judicial Code to virtually all other civil actions.

Defendant herein contends that the time within which the instant action was required to be filed was two years since plaintiff's complaint contains

allegation that defendant made a contribution of $50 on behalf of the child "on approximately September, 1977." Were this interpretation of Section 6704(c), supra, to be accepted, then any putative father would be able to drastically reduce the time of his exposure to liability from six years to two years by simply making a contribution to the support of the child on or shortly after the date of the child's birth. Such a result is in the judgment of this court both absured and offensive to public policy. Rather, this court concludes that the intent of the legislature in providing for the filing of such actions "at any time within two years of any such contribution" was to allow for the commencement of a paternity action at any time during the minority years of the child so long as the action commenced not more than two years following the date of such contribution.

This court is fully satisfied that in its enactment of Section 6704(e) of the Judicial Code, supra, the General Assembly intended to encourage rather than limit the availability of the courts for the obtaining of determinations of responsibility for support of minor children. Clearly, such judicial determinations of parental responsibility and the enforcement of same are to be encouraged for the best interests and welfare of both the child and of society in general. Thus, it is concluded that in the instant matter the intent of the legislature would not be served were this court to hold as defendant contends that he has successfully reduced the period of limitation from six years to two years.

For the reasons hereinbefore set forth, we specificially hold that the statute of limitations applicable to the instant action is one of six (6) years and, therefore, we believe that following order appropriate.

## ORDER

Now, this November 18, 1983, it is hereby ordered, directed and decreed that defendant's preliminary objections in the nature of a demurrer are denied and dismissed and defendant is directed to file answer to plaintiff's complaint within 20 days from the date of the filing of this opinion.