## Borough of Gettysburg v. Brandon

*Ralph D. Oyler,* for plaintiff.
*Larry W. Wolf,* for defendants.

KUHN, *J.*, April 19, 1988—On April 7, 1987, the claimant, Borough of Gettysburg, filed a municipal

claim against defendants, Gerald Brandon and Frances Yvonne O. Brandon, husband and wife, for replacement of a concrete sidewalk and curbing located in the front of defendants' real estate bordering on South Washington Street. The claim sets forth that notice of the condition of the sidewalk and claimant's intent to make the repairs and file a municipal claim if repairs were not made was mailed to defendant, Gerald Brandon, at 4311 Old Taneytown Road, Taneytown, Maryland, 21787, on March 10, 1986, and September 17, 1986. Separate notice was not mailed to defendant, Frances Yvonne O. Brandon, however, "Yvonne Brandon" appears to have signed the return receipt card for the first notice. Defendants' affidavit of defense filed May 6, 1987, admits they are husband and wife, and that they reside at the same address.

On July 21, 1987, a board of arbitrators found in favor of claimant for the full amount of its claim. Defendants appealed. At a pretrial conference scheduled December 1, 1987, defendant, Frances Yvonne O. Brandon, orally moved to be stricken from the action due to lack of notice. Counsel have submitted their memorandums on this issue. Claimant asserts waiver.

We shall first consider the merits of this issue and then determine whether defendant has waived her right to raise lack of notice.

Statutory provision authorizing the filing of a municipal lien also directs service of notice as a condition precedent to filing a claim.

"53 P.S. §7141. Neglect of owner condition precedent to filing claim for curbing, etc.—

"No claim shall be filed for curbing . . . unless the owner shall have neglected to do said work . . . after notice so to do, served upon him or his known agent or occupant of the property . . . and if there be no

agent or occupant known by claimant, it may be posted on the most public part of the property."

The record clearly reveals that Frances Brandon is an owner of the premises and that notice was not directed to her. Neither counsel have cited any authority under this statute to support their respective position on the need to specifically notify a wife where her husband, with whom she lives, is served. However, we believe that by analogy other authority offers guidance.

Our court held that where the Mechanics' Lien Law of 1963 requires that certain notices must be given by a subcontractor as a condition precedent to filing a mechanics lien, then notice served upon husband only is not sufficient to avoid striking wife who owns the premises as a tenant by the entireties. *I.H. Crouse & Sons Inc. v. White,* 20 Adams Leg. J. 1, 6 D. & C. 3d 231 (1978). Here, as in *Crouse,* there has been no allegation that husband was an agent for wife.

Likewise, in *Tax Claim Upset Sale,* 95 Montg. L. Rep. 262 (1972), it was held that separate notice addressed to each owner as a condition precedent to the filing of a tax lien, applied to both husband and wife who owned the premises as tenants of an estate by the entireties.

We believe that whether one seeks to establish a mechanic's lien, a tax lien or a municipal lien against entireties property, both tenants must be notified. Each are separate individuals entitled to notice which might properly and materially affect their respective rights.

The second question is whether Frances Brandon has waived her right to raise the notice issue when she failed to raise it in her affidavit of defense or before the arbitration panel. Claimant cites *City of York v. Miller,* 254 Pa. 436, 98 Atl. 1049 (1916), to

support its position. A careful reading thereof supports claimant's position. There the City of York entered a municipal claim for paving a sidewalk in front of defendant's property. An affidavit of defense was filed. At trial, for the first time, defendant raised the claimant's failure to serve notice of its intention to file a municipal claim. The trial court held that defendant waived this defense by not raising it in his affidavit of defense. The Supreme Court held for defendant. It started,

"Here the question is not, as in most of the cases cited, whether the defendant should be held to have waived certain averments ordinarily required to be present in a claim, but rather, should he be held to have waived the performance of a substantive act essential to the plaintiff's right of recovery, simply because, in his affidavit of defense, he failed specifically to aver the non-performance of that act, when the affidavit filed contained sufficient averments to prevent a summary judgment, and where there was no rule in the court below or in the statute confining a defendant to the defenses specifically set up in his affidavit. On this subject, as already indicated, we agree with the Superior Court that the question involved must be answered in the negative." 254 Pa. at 441, 98 Atl. at 1050.

However, both the Superior and Supreme Court premised its conclusion on the theory that averment of proper notice was not made nor required to be made by the claimant, therefore, defendant was not required to raise in his affidavit of defense a matter not pled. The court did acknowledge, however, that the regularity of a lien is a question of pleading and any deficiency as to the form of the lien or the insufficiency of the averments therein contained must be raised by demurrer of motion to strike. Generally,

44

where a defendant goes to trial without objection to these matters, it is too late to enter objection.

53 P.S. §7144 provides that the claim shall set forth when and how notice was given to the owner before the work was commenced. In the case sub judice, claimant averred that notice was given to the "owners." The deficiency as to notice to defendant, Frances Brandon, being clear on the face of the record, it should have been raised by a motion to strike. We conclude defendant has waived this defense.

Accordingly, we enter the attached

## ORDER OF COURT

And now, April 19, 1988, the court finds that the issue of proper notice to defendant, Frances Yvonne O. Brandon, has been waived.